# Richmond.

## WINGFIELD v. McGHEE AND OTHERS.

March 12, 1908.

1. EQUITY—*Vacation Decrees—Consent of Parties—Jurisdictional Fact.*— Under section 3427 of the Code, a chancery cause which has not been "fully argued and submitted" cannot be submitted to a judge of a circuit court for decision in vacation except by consent of parties, either in person or by counsel, next friend, or guardian *ad litem,* in term time entered of record, or by like consent in vacation. An order to hear in vacation cannot be made simply on the motion of one party. The authority of the judge in vacation rests upon the consent of parties, and that consent must appear of record. It is jurisdictional, and without it a decree in vacation is null and void.

2. EQUITY—*Vacation Decrees—Submission Under Order of Court.*—Under the provisions of section 3427 of the Code, after a case has been fully argued and submitted, a circuit court may, either in term time or vacation, without the consent of parties, when it desires time to consider of its judgment, direct the cause to be submitted for decision and decree in vacation, but in the case in judgment the cause does not appear to have been "fully argued and submitted" and the court was, therefore, without authority to direct a vacation hearing.

3. EQUITY—*Vacation Decrees—Lack of Jurisdiction—Correction Under Code, Sec. 3451.*—The object and purpose of sec. 3451 of the Code is to correct errors of mistake, miscalculation or recital in judgments and decrees where matter appears in the record by which the correction may be safely made. It confers no power to give validity and force to vacation judgments and decrees which are void for want of power in the judge to render them.

Appeal from a decree of the Circuit Court of Appomattox county. Decree for the complainant. One of the defendants appeals.

*Reversed.*

The opinion states the case.

*H. D. Flood,* for the appellant.

*A. H. Clement* and *Caskie & Coleman,* for the appellees.

KEITH, P., delivered the opinion of the court.

This is an appeal by Alexander S. Wingfield from a decree entered in the vacation of the Circuit Court for the county of Appomattox, and the first error assigned is that the judge was without jurisdiction to enter the decree.

The suit was instituted by Mary J. McGhee, claiming a legacy under the will of her grandfather, Thomas Wingfield, making A. S. Wingfield and all other proper parties defendants. The object of the bill is to recover the legacy under the will of Thomas Wingfield, who died in the year 1856, which it is claimed was made a charge by the will upon the real estate devised.

At a Circuit Court for the county of Appomattox, held on the 18th day of November, 1904, the following order was entered in this suit:

"Mary J. McGhee
      against'
A. S. Wingfield and Others.

"This cause came on this day to be again heard on the papers formerly read and was argued by counsel. On consideration whereof and on the motion of the defendant, A. S. Wingfield, leave is given him to withdraw a plea and answer heretofore filed herein and to file a different answer, which is accordingly done; and on motion of the plaintiff it is ordered that this cause be submitted to the judge of this court for decision and decree in vacation, at Farmville, on November 21, 1904.

On the 10th day of December, 1904, the following decree was entered in vacation:

"Mary J. McGhee, Plaintiff,
        against
A. S. Wingfield and Others.

"This cause, which has been regularly matured and set for hearing at rules in the clerk's office, both as to the original and amended bills, upon subpœnas returned duly executed or acknowledged as to each of the defendants, except the five last mentioned above, whose places of residence are unknown, who were regularly proceeded against by order of publication, published and posted as required by law, came on this day to be heard by the judge of the Circuit Court for Appomattox county, in vacation of said court, pursuant to the order entered at the last term of said court, upon the original and amended bills of the plaintiff, the exhibits filed therewith, the answer of the defendant, A. S. Wingfield, heretofore filed by leave of the court, with general replication thereto, and the depositions of witnesses filed, both for the plaintiff and defendant A. S. Wingfield, and was argued by counsel. On consideration whereof the judge is of the opinion and doth decide:" then follows a disposition of the case upon its merits; and the decree is signed by the judge of the Circuit Court of the county of Appomattox and certified to the clerk of that court.

In vacation of the Circuit Court for Appomattox county, April 11, 1905, this further order was entered:

"Mary J. McGhee, Plaintiff,
        against
A. S. Wingfield and Others, Def'ts.

"This cause came on this day to be heard by the judge of the Circuit Court of Appomattox county, in vacation of said court, pursuant to notice given by the plaintiff to the defendant, A. S.

Wingfield, upon the papers formerly read and was argued by counsel. On consideration whereof, and it appearing that the recitation of the decree herein of December, 1904, to the effect that Thomas Wingfield departed this life in 1849, when, in fact, the said Wingfield did not depart this life until the year 1856, is error; it is ordered that so much of the said decree of December 10, 1904, as determines that the tract of land in the bill and proceedings mentioned stands charged in the hands of the defendant, A. S. Wingfield, with interest on three hundred dollars ($300) from July 1, 1850 (amounting to nine hundred and seventy-two dollars ($972), be amended so as to provide that the said land stand charged in the hands of the said Wingfield with interest on three hundred dollars ($300) from July 1, 1857, to July 1, 1904, amounting to eight hundred and forty-six dollars ($846), and that the said decree be in all other respects reiterated and reaffirmed." Signed by the judge of the Circuit Court of Appomattox county, and certified to the clerk of the court.

In the case of *Tyson's Ex'ors* v. *Glaize et als.* 23 Gratt. 799, this court was "unanimously of opinion that the circuit courts, and not the judges thereof, are invested with jurisdiction to try causes, and pronounce decrees therein; and that the judges have no jurisdiction to perform any judicial function in vacation, except where the power is expressly conferred, as to grant injunctions and appeals, to hear motions to dissolve injunctions, to direct accounts, and to perform such other functions as are expressly authorized by law. And, no power being conferred by statute, when the decree in this cause was entered, to pronounce and enter decrees in vacation, and consent of parties or their counsel not giving jurisdiction, the court is of opinion that the order made in the cause, directing the decree to be made and entered in vacation, was erroneous; and that the supposed final decree made and entered in pursuance of such order, is not the decree of the court. The court is therefore of opinion, without deciding any other question in the cause, that

the said order must be set aside, and the decree entered in vacation in pursuance thereof must be reversed and annulled; and that the cause be remanded to the Circuit Court of Clarke county, for further proceedings to be had therein."

The decree of the court entered in pursuance of this opinion is, in part, as follows: The court "is of opinion, for reasons stated in writing and filed with the record, that the decree of the 9th of June, 1871, whereby it was in effect ordered, by consent of counsel, that the cause should be heard in vacation, and the order or decree of the court to be entered in vacation as the decree of the court, is erroneous; and that the decree made in pursuance of said order, and directed to be entered of record in vacation, to have the effect of a decree of the last term of said court, not having been afterwards confirmed or recognized as its decree, by any subsequent action of said court, is null and void."

The decrees appealed from are, under the authority of *Tyson v. Glaize,* null and void unless they derive their efficacy by authority conferred by statute. Consent does not give jurisdiction, except in cases for which the statute has provided; and the terms of the statute prescribing the mode in which consent is to be given and authenticated, so as to confer jurisdiction upon the judge in vacation to hear and decide causes and to enter judgments and decrees, to have the same effect as if entered in term time, must be pursued.

Section 3427 of the Code, or so much thereof as is necessary to a proper adjudication of the point under consideration, is as follows: "Any motion, action at law, or chancery cause, pending in a circuit, or corporation court, or any matter of law, or fact, arising in such motion, action at law, or chancery cause, may, by consent of parties, either in person or by counsel, next friend or guardian *ad litem,* in term time entered of record, or by like consent in vacation, be submitted to the judge of said court for such decision and decree, judgment, or order, therein in vacation as might be made in term (and such court

may, either in term or vacation, without such consent, when it desires time to consider of its judgment as to any motion, action at law, chancery cause, or matter of law, or fact arising therein, which has been fully argued and submitted, direct such motion, action at law, chancery cause, or matter of law, or fact, to be submitted for decision, and decree, judgment, or order in vacation) ;   *   *   "

It is manifest that the order of the 18th of November, 1904, does not measure up to the requirements of this statute.   "On motion of the plaintiff, it is ordered that this cause be submitted to the judge of this court for decision and decree in vacation, at Farmville, on November 21, 1904."   The statute says that the cause may, by consent of parties, either in person or by counsel, in term time entered of record, or by like consent in vacation, be submitted to the judge of said court for decision. There is certainly nothing upon the face of the order to indicate consent upon the part of A. S. Wingfield, the appellant, either in person or by counsel.

Nor does such consent appear in the decree of December 10, 1904, which brings the case on "to be heard by the judge of the Circuit Court for Appomattox county, in vacation of said court, pursuant to the order entered at the last term of said court."   Plainly, therefore, authority for the decree of December 10, 1904, is to be looked for in that ·of November 21, 1904. Nothing appears to have been done looking to a closer compliance with the terms of section 3427, and the validity of the latter decree depends wholly upon the authority supposed to have been conferred upon the judge in vacation by the former decree. It is manifest, therefore, that there was no consent of parties entered of record.

The statute further provides, however, that the court may, without such consent, "when it desires time to consider of its judgment as to any motion, action at law, chancery cause, or matter of law, or fact arising therein, which has been fully argued and submitted, direct such motion, action at law, chan-

cery cause, or matter of law, or fact, to be submitted for decision, and decree, judgment, or order in vacation."

An inspection of the two decrees will show that the action taken was not by virtue of this provision of the statute. It is true that the decree of November 21 recites that the cause came on to be heard on the papers formerly read and was argued by counsel, but that the cause was not at that time, in the language of the statute, "fully argued and submitted," appears we think conclusively from the second decree, which brings the case on to be heard upon the bills of the plaintiff, the exhibits filed therewith, the answer of the defendant A. S. Wingfield heretofore filed by leave of the court, "and the depositions of witnesses filed both for the plaintiff, and defendant A. S. Wingfield, and was argued by counsel." Then for the first time, after the pleadings were made up and the proof was filed with the record, could the case be said to have been fully argued and submitted.

It is claimed, however, that if all this be true, that if it be conceded that section 3427 was not followed so as to confer jurisdiction upon the judge in vacation to enter the decrees of November 21 and December 10, yet that the error was cured and validity imparted to them by force of the decree of April 11, 1905, which was entered by virtue of section 3451, which is as follows: "The court in which there is a judgment by default or a decree on a bill taken for confessed, or the judge of said court in vacation thereof, may on motion reverse such judgment or decree for any error for which an appellate court might reverse it if the following section was not enacted, and give such judgment or decree as ought to be given. And the court in which is rendered a judgment or decree in a cause wherein there is in a declaration or pleading, or in the record of the judgment or decree, any mistake, miscalculation, or misrecital of any name, sum, quantity, or time, when the same is right in any part of the record or proceedings, or when there is any verdict, report of a commissioner, bond or other writing whereby such judgment or decree may be safely amended, or in which a judg-

ment is rendered on a forthcoming bond for a sum larger than by the execution or warrant of distress appears to be proper, or on a verdict in an action for more damages than are mentioned in the declaration, or in the vacation of the court in which any such judgment or decree is rendered, the judge thereof may, on the motion of any party, amend such judgment or decree according to the truth and justice of the case, or in any such case the party obtaining such judgment or decree may in the same court at any future term, by an entry of record, or in the vacation by a writing signed by him, attested by the clerk and filed among the papers of the cause, release a part of the amount of his judgment or decree, and such release shall have the effect of an amendment and make the judgment or decree operate only for what is not released. Every motion under this chapter shall be after reasonable written notice to the opposite party, his agent or attorney in fact or at law, and shall be within three years from the date of the judgment or decree."

The proceeding under this section was also in vacation, and was taken not for the purpose of validating the former decrees, not by virtue of consent entered of record or otherwise, but solely in pursuance of the power conferred by the section just quoted to correct a recital in the decree of December 10, 1904, to the effect that Thomas Wingfield departed this life in 1849 when in fact he survived until the year 1856. To undertake to derive from this section power to give validity and force to void decrees would be an utter perversion of its purpose, which was to correct errors of mistake, miscalculation or recital in judgments and decrees where matter appeared in the record by which the correction might be safely made.

The object of the first two sections is to enable the judge to decide controversies and render judgments and decrees in vacation. The authority of the judge in vacation rests upon consent, and that consent must appear of record. It is of the very essence of his jurisdiction, and without it the judge in vacation

is as incapable of rendering judgments and decrees as when *Tyson* v. *Glaize, supra,* was decided by this court.

For these reasons, we are of opinion, upon the authority of *Tyson* v. *Glaize,* and in accordance with the course there pursued, that the orders or decrees entered in vacation be rescinded and annulled, and the cause remanded to the Circuit Court of Appomattox county for further proceedings to be had therein.

*Reversed.*