Statement.

# Richmond.

## Wright v. Commonwealth.

### January 12, 1911.

### Absent, Cardwell, J.

1. BILLS OF EXCEPTION—*Signing After Statutory Period—Consent of Record—Failure of Record to Show Consent—Amendment of Record.*—The authority of a judge to sign bills of exception after the lapse of more than thirty days after the end of the term at which the opinion of the court is announced to which exception is taken rests upon consent, and that consent must appear of record. It is of the very essence of his jurisdiction, and without it the judge has no authority or power to act. An order, made during the term, that "the prisoner is allowed sixty days from the adjournment of this court within which to file his bills of exception," but which fails to show that the sixty days was agreed upon and entered of record by consent of parties is wholly ineffectual to extend the time beyond the thirty days fixed by the statute. Nor has the trial court any power, after the adjournment of the term at which a final order is entered, to amend its final order so as to show that the sixty days was in fact agreed upon and to be entered of record by consent of parties.

2. JUDGMENTS—*Amendment After Final Judgment.*—During the term of the court at which a judicial act is done, the record remains in the breast of the court, and may be altered or amended; but, after the adjournment of the term, amendments can only be made in cases in which there is something in the record by which they can be safely made. Amendments cannot be made after the adjournment of the term, upon the individual recollection of the judge, or upon evidence *aliunde.*

Error to a judgment of the Circuit Court of Buckingham county.

*Affirmed.*

The opinion states the case.

*John L. Lee, A. E. Strode* and *A. S. Hall*, for the plaintiff in error.

*Samuel W. Williams,* Attorney General, for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The first question to be disposed of is the motion of the Commonwealth to have this writ of error dismissed as improvidently awarded, upon the ground that the bills of exception relied on were not signed and made parts of the record in the manner and within the time prescribed by the statute.

The final order which was entered on the 23rd day of March, 1910, provides, in part, as follows: "And the prisoner having expressed a wish to apply for a writ of error, this sentence is suspended for ninety days from the adjournment of this court, and the prisoner is allowed sixty days from the adjournment of this court within which to file his bill of exceptions." The court adjourned on the 24th day of March, 1910. The bills of exception appear to have been signed on the 29th day of April, 1910, more than thirty days after the adjournment of the court.

The express mandate of the statute is that "any bill of exceptions may be tendered to the judge, and signed by him, either during the term at which the opinion of the court is announced, to which exception is taken, or within thirty days after the end of such term, either in term time or in vacation, whether another term of the said court has intervened or not, or at such other time as the parties, by consent entered of record, may agree upon."

In this case the bills of exception were not signed by the judge during the term of the court at which the several opinions excepted to were announced, nor were they signed within

thirty days after the end of such term, nor was any additional time agreed upon and entered of record by consent of parties. The order says: "* * * and the prisoner is allowed sixty days from the adjournment of this court within which to file his bills of exception;" but it wholly fails to show that the sixty days was agreed upon and entered of record by consent of parties. This is a vital requirement of the statute, and the failure to comply with it and have the order show that the sixty days was agreed upon and entered of record by consent of parties is fatal, and leaves the plaintiff in error without any bill of exception in the record. The authority of the judge in vacation, after thirty days from the end of the term has expired, to sign bills of exception, rests upon consent, and that consent must appear of record. It is of the very essence of his jurisdiction, and without it the judge in vacation has no authority or power to act. *Wingfield* v. *McGhee*, 108 Va. 120, 60 S. E. 755.

To meet the difficulty thus plainly confronting him, the prisoner, by counsel, procured from the judge of the circuit court a vacation order, which was received and entered in the clerk's office of Buckingham county on October 20, 1910, purporting to amend the final order in this case, so as to make it read that the sixty days thereby given the plaintiff in error in which to file his bills of exception was agreed upon and entered of record by consent of parties.

The court had no power to amend its final order in this particular after the adjournment of the term at which the same was entered. During the term of a court at which a judicial act is done, the record remains in the breast of the court, and may be altered or amended; but after the adjournment of the term amendments can only be made in cases in which there is something in the record by which they can be safely made. Amendments cannot be made after the adjournment of the term, upon the individual recollection of the judge or upon evidence *aliunde*. It is manifest that there

is nothing in the record for this attempted amendment to rest upon. The application was to introduce something into the record, as part thereof, not before found therein, depending solely upon the individual recollection of the judge. This cannot be done. The amendment attempted to be made must, therefore, be disregarded. *Barnes' Case*, 92 Va. 23 S. E. 784.

Although we are without authority to consider the assignments of error based upon bills of exception which are not made part of the record, we deem it proper to say, that this is a companion case with the cases of *Ed. Jones* v. *Commonwealth*, and *Richard Perkins* v. *Commonwealth*, *ante*, p. 862, 69 S. E. 953, both of which have been heard and decided at this term of the court; that all three of the cases arose out of the same transaction, are dependent substantially upon the same evidence, and that the assignments of error dealt with in the cases of Jones and Perkins are common to all three cases; that in those cases the judgment of conviction in each is set aside upon the ground that they were not fairly submitted to the jury, and upon the further ground that the prisoner in each was entitled to a change of venue; and that the circuit court erred in overruling the motion of each for such change of venue. We deeply regret that the case of the plaintiff in error has not been so presented as to enable this court to give him the same measure of relief that we have found it proper to afford his alleged companions in guilt. We make this statement for the benefit of the plaintiff in error, in the event he be advised to apply for executive interference in his behalf.

For the reasons given, the judgment is affirmed.

. *Affirmed.*