# Wytheville

THOMAS M. OWEN V. J. FRANK DIXON AND EDDIE SAVAGE.

June 14, 1934.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

602

The opinion states the case.

*Venable, Miller, Pilcher & Parsons* and *Kelsey & Jett,* for the plaintiff in error.

*Vandeventer, Eggleston & Black,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action was brought by Thomas M. Owen against J. Frank Savage to recover damages for personal injuries received by him as a result of a collision between an automobile driven by him and an automobile owned by Dixon and operated by Savage.

There was a trial by jury which resulted in a verdict for the defendants. The case is here upon a writ of error granted by a justice of this court.

When the case was called for argument, counsel for defendants filed a motion to dismiss, on the ground that plaintiff in error is estopped from prosecuting his writ of error by a judgment which has become final since the writ was granted. In support of the motion it is alleged:

"Thomas M. Owen, the plaintiff in error, brought this suit against the defendants in error in the Circuit Court of Norfolk county, Virginia, to recover damages for personal injuries sustained by him on November 17, 1931, in a collision between an automobile which was being driven by him, the said Thomas M. Owen, and another which was being driven and operated by the defendants in error. This trial resulted in a final judgment for the defendants in error, entered on August 15, 1932.

"(2) Wingfield, a passenger in the car operated by the defendants in error, was killed in said collision and his administrator filed a suit in the Circuit Court of Norfolk county, Virginia, against the plaintiff in error, Thomas M. Owen and against your defendants in error, J. Frank Dixon and Eddie Savage, alleging that said accident was

proximately due to the concurring negligence of the operators of the two cars. While the said Thomas M. Owen and the undersigned, J. Frank Dixon and Eddie Savage, were sued as joint defendants, the record of the trial of the case shows that they were in fact adversaries before the lower court, and the said Thomas M. Owen claiming that he was free from fault and that the accident was proximately due to the negligence of your defendants in error. The defendants in error, on the other hand, claimed that they were free from fault and that the said collision was proximately due to the negligence of the said Thomas M. Owen. The trial of the said cause resulted in a verdict in favor of Wingfield's administrator, against the said Thomas M. Owen and the undersigned J. Frank Dixon and Eddie Savage, defendants in error, jointly, and judgment was entered on said verdict by the said Circuit Court of Norfolk county on August 15, 1932.

"(3) This court granted a writ of error to Dixon and Savage on January 13, 1933, and to Owen on February 18, 1933. * * * On motion of the parties by counsel, both of these writs of error were dismissed by this court on November 9, 1933, thus making final the judgment of the lower court.

"(4) It has been adjudicated by the final judgment entered in the Circuit Court of Norfolk county that Thomas M. Owen, the plaintiff in error, was guilty of negligence which was a proximate cause of the accident. Therefore, it having been adjudicated that the said plaintiff in error was guilty of contributory negligence he is now estopped from further prosecuting his suit against these defendants in error."

In opposition to the motion to dismiss, plaintiff filed a certified copy of the judgment docket of the lower court, which discloses that the judgment in favor of Wingfield's administrator was for the principal sum of $10,000. A notation upon the docket reads as follows: "Satisfied in full for the sum of $6,000 this 30th day of October, 1933."

In further opposition to the motion to dismiss, plaintiff filed the following affidavit of counsel for the indemnity company:

"State of Virginia: City of Norfolk, to-wit:

"Harvey E. White, being duly sworn, deposes and says that he is an attorney at law, licensed and practicing in the city of Norfolk, in the State of Virginia, with offices in the Citizens Bank Building, in said city; that he, as attorney, represented the Great American Indemnity Company, insurance carrier on Ford roadster of Thomas M. Owen, in settlement of the judgment secured in the Circuit Court of Norfolk county, Virginia, and then pending upon writ of error in the Supreme Court of Appeals of Virginia, of *Wingfield's administrator* v. *J. Frank Dixon and Eddie Savage and Thomas M. Owen;* that in the negotiations with J. W. Eggleston, of the law firm of Vandeventer, Eggleston and Black, attorneys for J. Frank Dixon and Eddie Savage, neither Mr. Eggleston nor himself ever at any time admitted any liability on the part of their respective clients, but contended there was none; that both of them he believes, recognized that the said case might be remanded for a new trial and that the Supreme Court of Appeals might release either Savage and Dixon, or Owen, or possibly all of them; that the uncertainty of the result, together with the desire to avoid further expense and possibly further litigation if the case was remanded for a new trial, prompted the negotiations for settlement on his part, and the judgment was finally compromised for six thousand ($6,000) dollars, of which sum the Great American Indemnity Company contributed three thousand ($3,000) dollars, and the Columbia Casualty Company, represented by J. W. Eggleston, of said law firm, contributed for Savage and Dixon the sum of three thousand ($3,000) dollars; that the judgment was marked 'Satisfied' by Mr. T. E. Gilman, attorney for Wingfield's administrator, on the records of the court, which show that six thousand ($6,000) dollars was accepted in full settlement of the judgment for ten thousand ($10,000)

dollars; that the deponent was not associated as counsel in the trial of the said case in the trial court, nor in fact, the trial of any of the cases growing out of the accident of November 17, 1931, between the automobile owned by Dixon and driven by Savage and the automobile owned by Owen, but was employed thereafter by the Great American Indemnity Company; that he never saw or talked with Thomas M. Owen about the settlement, and that the negotiations for settlement were conducted by, and concluded by, himself for the Great American Indemnity Company, Mr. J. W. Eggleston and Mr. Gilman; that during the course of the negotiations neither Mr. Eggleston or himself discussed the possible effects of this settlement upon the case then pending in the Supreme Court of Appeals of Virginia, record No. 1377, of *Thomas M. Owen, plaintiff in error* v. *J. Frank Dixon and Eddie Savage, defendants in error,* and that there was never, certainly upon his part, any understanding that the settlement should have any bearing on the said case of *Owen* v. *Dixon and Savage* pending in the Supreme Court of Appeals, in which he was not of counsel and had no interest therein.

"And further this deponent saith not.

"HARVEY E. WHITE."

■ There is no denial of the statements contained in the affidavit. It is apparent that the compromise was effected by the insurance company and not by plaintiff. No authority has been cited nor have we been able to find any authority for the proposition that, when a claim for damages against an insured has been compromised by the insurance carrier, under the terms of its contract, the insured is estopped from asserting whatever claim he may have against a third party.

■■ In our opinion the motion to dismiss is ruled by the decision of this court in *Capps* v. *Whitson,* 157 Va. 46, 160 S. E. 71. In the syllabus it is said:

"1. Former Adjudication or *Res Adjudicata—Causes of*

*Action Not the Same—Issues Not Identical—Case at Bar.* —The instant case was an action for damages arising out of an automobile accident. Plaintiff's automobile bus was struck from the rear by the automobile of defendant. The claim in the instant case was for damages done to the bus. There had been a former suit growing out of the same accident. The plaintiff in that suit was a passenger on the bus and had recovered a verdict against both the plaintiff and defendant which was paid by them ratably or jointly. Defendant contended that the plaintiff having been adjudged guilty of negligence in the former action growing out of the same collision was estopped from recovering against the defendant in the instant case.

"Held: That the lower court did not err in rejecting the record in the former case and the plea, as the causes of action in the two suits were not the same and the issues were not identical. The plaintiff in the first suit was a stranger to the second suit."

There is no merit in the motion to dismiss.

We shall not undertake to state in detail all of the testimony. The accident complained of happened about dark, on the Portsmouth-Suffolk boulevard, approximately fifty feet northeast of where it is diagonally intersected by the Bowers Hill road in Norfolk county. Near the intersection is located Land's service station, in front of which are three gas pumps. At the time of the accident the weather was clear and the lights on the gas station were plainly discernible for quite a distance. Plaintiff was driving a coupe from Suffolk towards Portsmouth, while the car of Dixon, operated by Savage, was proceeding from Portsmouth to Bowers Hill. When the Dixon car reached a point nearly opposite the gas station, the operator undertook to make a left turn and while in the act of making the turn it was struck on the right side by the right front of plaintiff's car. Both cars were practically demolished and as a result of the collision plaintiff was injured; Whitehurst, a passenger, was killed; both

Dixon and Savage were injured and Wingfield, a fellow passenger, was killed.

In the view we take of the case it becomes necessary to pass on the assignment of error that the verdict is contrary to the evidence.

During the progress of the trial, the court, over the objection of plaintiff, permitted counsel for defendant, in cross-examination of plaintiff, to interrogate him in regard to benefits he had and was receiving from an accident policy which was in force at the time of the accident. It was developed that plaintiff received certain compensation from the Federal government. Just how long plaintiff was to receive insurance benefits does not appear. That he had received approximately $800 at the time of the trial is conceded. The admission of this evidence is assigned as error.

The general rule is, that the admission of evidence that the plaintiff, in a personal injury action, has been compensated in whole or in part by the receipt of beneficial insurance is prejudicial error. The reason for the rule is that a wrongdoer must compensate the injured party for the injury he has committed, without any reference to other compensation. In other words, if the defendant is liable in damages, the extent of his liability is not to be measured by deducting financial benefits received by plaintiff from collateral sources.

It is argued by defendant, however, that if the jury had found for the plaintiff and assessed his damages at a nominal sum, then it might be inferred that the jury, in fixing the damages, took into consideration the amount received as insurance benefits; but, when the jury has found for the defendant, no such inference can be drawn.

The verdict of the jury is as follows: "We the jury find for the defendants."

In view of the admission of the evidence relating to the compensation received by plaintiff, it is impossible to determine from the verdict whether the jury intended to find that plaintiff had been fully compensated or that he

was not entitled to recover by reason of his primary or contributory negligence.

We see no reason for drawing a distinction between a case where the jury has found for the plaintiff and diminished his damages because of compensation received, and a finding for the defendant in a case where it appears that illegal evidence relating to compensation has been admitted. In either case the financial status of the plaintiff is irrelevant.

That the assignment of error is well founded is in our opinion concluded by the holding of this court in *Baltimore & Ohio Railway Co.* v. *Wightman's Adm'r,* 29 Gratt. (70 Va.) 431, 26 Am. Rep. 384. In that case Judge Staples said: "The defendant's sixth bill of exceptions is to the refusal of the court to receive the evidence offered by the defendant to show that the deceased, at the time of his death, held policies of insurance on his life to the amount of $5,000, for the benefit of his wife and children, and that since his death the amount called for by said policies had been collected and paid over to the widow and children. We think the court did not err in refusing to admit this evidence. It was clearly calculated to mislead the jury as to the issues they were to try. The mere fact that the family of the deceased received money from some other source would not justly influence the measure of compensation to be made by the defendant for injuries attributable to the misconduct of its employees and agents. The party effecting the insurance paid the full value for it, and there is no equity in the claim of the defendant to the benefit of a contract for which it gave no consideration."

In *R. J. Johnson* v. *Edwin Kellam,* post, p. 757, 175 S. E. 634 (decided at this term of court), Justice Gregory, dealing with a similar question, cites with approval, *Baltimore & Ohio Railway Co.* v. *Wightman's Adm'r, supra,* and says: "The law seems quite well settled that damages, recoverable for personal injuries inflicted through the negligence of another are not to be reduced by reason of the

fact that the injured party has been partly compensated for his loss by insurance which he has procured and for which he has paid. The reason for this rule is that the defendant, who by his negligence has injured another, owes to such other compensation for the injuries he has inflicted and the payment for those injuries from a collateral source cannot relieve the defendant of his obligation."

The action of the court in refusing to give the following instruction is assigned as error:

"The court instructs the jury that under the traffic laws of the State of Virginia when turning to the left at highway intersections vehicles are required to pass beyond the center of the intersection as closely as practical to the right thereof before turning such vehicle to the left, irrespective of whether or not such intersection is marked, and the center of the intersection shall mean the meeting point of the medial lines of the highways intersecting one another, and one who violates this law is guilty of reckless driving.

"And if the jury believe from the evidence in this case that at the time of the collision involved herein the defendants were making a left-hand turn at a place on the highway which was not the meeting point of the medial lines of the highways intersecting one another for the purpose of getting into a highway which did intersect, and that the same caused, or proximately contributed to the accident herein sued for, then your verdict shall be in favor of the plaintiff against the defendants provided you do not believe from the evidence that the plaintiff was guilty of the negligence which proximately contributed to the collision."

The instruction is merely declaratory of the statute law and should have been given.

There are other assignments of error which in our opinion are plainly without merit.

For the reasons stated, the judgment of the trial court

will be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*

EPES, J., concurring.

I concur in the conclusion and in the opinion, except that part of it which deals with instruction No. 2, which the court refused.

This instruction is imperfect in several particulars, and under the evidence in this case it would, in my opinion, have been error to have given it. It should not have been given for several reasons, but particularly for this reason. There is evidence which, if believed, tends to show that the driver of the Dixon car was not entering the Bowers Hill road along the course of the Suffolk boulevard but across the yard of a filling station. This would have been "at a place on the highway which was not the meeting point of the medial lines of the highways." Thus the instruction practically tells the jury that, if they believe that the driver of the Dixon car entered the Bowers Hill road across the yard of the gas station, he was guilty of negligence. I cannot agree that this instruction is merely declaratory of the statute law.