# Richmond

## W. R. Murden, Jr. v. Miles Wilbert.

April 25, 1949.

Record No. 3477.

Present, All the Justices.

The opinion states the case.

*F. E. Sellers,* for the plaintiff in error.

*Rixey & Rixey,* for the defendant in error.

STAPLES, J., delivered the opinion of the court.

This case grew out of a collision between two automobiles, one of which was owned by W. R. Murden and one by Joseph E. Wilbert. The cars were being operated by their respective sons, W. R. Murden, Jr., and Miles Wilbert. Two actions for damages were brought and the question we are called upon to consider is whether the first terminated in such a way as to justify the action of the trial court in sustaining a special plea of *res judicata* to the second.

Joseph E. Wilbert commenced the first action by a civil warrant in the Civil Justice Court of the city of Norfolk, returnable May 21, 1946, against W. R. Murden and W. R. Murden, Jr., to recover $900 claimed as damages to his automobile as the result of alleged negligence of the defendants. The defendants removed the case to the Circuit Court for the city of Norfolk. In that court, W. R. Murden filed a cross-claim for damages of $427 to his automobile "as a result of the negligence of the plaintiff (Joseph E. Wilbert) and/or his agents and/or his employees." W. R. Murden, Jr., filed a similar cross-claim for damages amounting to $750 for personal injuries due to the same alleged negligence. When the case was tried in the circuit court on July 31,

1946, it resulted in a hung jury. About ten months later, on May 29, 1947, the following order was entered upon motion of the plaintiff, Joseph E. Wilbert: "Upon motion of the plaintiff, by counsel, it is ordered that this case be dismissed agreed." However, on October 15, 1946, about seven months prior to the entry of the foregoing order, W. R. Murden, Jr., had instituted, by notice of motion, in a different court, the Court of Law and Chancery, an action against Joseph E. Wilbert, the owner of the car, and Miles Wilbert, who was driving it when the collision occurred. It was in this second action that the judgment here complained of dismissing it was entered. The plaintiff in error therein sought to recover damages in the sum of $15,000 "for personal injuries received as a result of the reckless, careless, negligent and unlawful manner in which you and/or your agents, employees or persons under your supervision, or control operated your automobile on a public street in the City of Norfolk, Virginia, to-wit: at the intersection of Marshall Avenue and East Olney Road on April 21st, 1946, when you and/or your agents, employees or persons operating said vehicle under your supervision and control ran into and against the automobile which I was driving and damaged me to the extent of Fifteen Thousand ($15,-000.00) Dollars; hence this motion for judgment."

About fifteen months later, on January 27, 1948, the defendants, Joseph E. Wilbert and Miles Wilbert, filed their special plea, in which they set forth the former proceedings in their action in the Norfolk Circuit Court, and asserted that the effect of the order dismissing said action "agreed" was a judgment which, in effect, dismissed the cross-claim of the plaintiff in error and settled the merits of the cause of action asserted in the cross-claim. The plea also averred that the "dismissed agreed" order constituted an adjudication that plaintiff in error, Murden, Jr., had no right of action against either of the Wilbert defendants.

About three months after the filing of the special plea, upon motion of the plaintiff, W. R. Murden, Jr., an order was entered dismissing this action as to Joseph E. Wilbert,

the owner of the automobile, but not as to Miles Wilbert, the driver. Thereupon said plaintiff tendered his replication to the special plea, said replication denying that the order entered in the circuit court is *res judicata*, for the reason that Miles Wilbert was the operator of the car when the collision occurred and was not a party to the circuit court action in which the plaintiff had filed his cross-claim against Joseph E. Wilbert. In the replication, it is further stated that Joseph E. Wilbert, in the trial in the circuit court, had introduced evidence that Miles Wilbert was not acting as his agent in operating the automobile at the time of the accident. For this reason, the plaintiff in error, Murden, Jr., asserts that the question whether Miles Wilbert negligently operated the Wilbert car was not involved in his cross-claim in the circuit court because, even if it was negligently operated by Miles Wilbert, Murden, Jr., could not have recovered on his cross-claim against Joseph E. Wilbert, the owner of the automobile, unless Miles Wilbert was operating it as his agent at the time of the collision.

As said in *Hoover* v. *Mitchell*, 25 Gratt. (66 Va.) 387, 388: "* * * the judgment of a court of competent jurisdiction dismissing a suit agreed, upon the the ground that it had been agreed by the parties, is a final determination, *as to those parties*, of the matters litigated in that suit. * * *." (Emphasis supplied).

In *Bardach Iron, etc., Co.* v. *Tenenbaum*, 136 Va. 163, 171, 118 S. E. 502, in an opinion by Judge Martin P. Burks, the following was stated to be the effect of such an order:

"Ordinarily, the records of a court of record remain in the breast of the court, and subject to change or alteration by the court during the term at which they are made, but an order 'dismissed agreed' is an exception to the general rule. The court has no power to make such a record except by consent of the parties, and, having obtained such consent and made the entry, it is equally without power to set it aside without the consent of both parties, except upon some ground that would warrant the setting aside of other con-

tracts of like nature. It is a contract of record that the court is without power to disturb except as stated. The court may correct its own errors, but cannot change the contracts of parties without their consent. *Deaver* v. *Jones,* 114 N. C. 649; 19 S. E. 637; *Hammond* v. *Place* (Mich.) Harr. 438. If the trial court was without power to set aside the order 'dismissed agreed' made on December 8, 1921, that was an end of the case. Such an order not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action, *between the same parties,* as fully as a retraxit would be. 'It is a declaration of record, sanctioned by the judgment of the court, that the cause of action has been adjusted by the parties themselves in their own way.' * * *." (Emphasis supplied).

In *Ward* v. *Charlton,* 177 Va. 101, 12 S. E. (2d) 791, the application of the rule of *res judicata* was extended to apply to an action for damages brought against the owner of an automobile which, it was claimed, resulted from the negligent operation on the part of his servant. In that case, which, however, did not involve a "dismissed agreed" order, the injured party had filed a cross-claim in an action brought against him by the servant who operated the other car, and the court had entered judgment on a verdict of the jury that neither driver was entitled to recover of the other. We held that, since there had been a judicial determination of the fact that the plaintiff in that case was not entitled to recover against the operator of the car, he could not recover against the owner because the liability of the owner is necessarily predicated upon the negligence of the operator acting as agent of the owner. The principle of *res judicata* was accordingly sustained. In that case, we said:

"Here it has been brought to our attention by undisputed evidence that since the trial below another court of competent jurisdiction has finally adjudicated that the plaintiff in error, Ward, is not entitled to a judgment against Charlton, the defendant in error. Hence, the plaintiff in error is estopped to ask this court to review the record before it and to enter in his favor a judgment which admittedly

will be in conflict with one which has already been entered on the same cause of action." (177 Va., at page 115).

. It is this principle which the defendant in error seeks to invoke in the case at bar. He takes the position that no affidavit denying the agency of the defendant was filed by his father, Joseph E. Wilbert, in defense of the cross-claim in the action in the circuit court, and that "The application of the rule of *respondeat superior* as between the two Murden's became a concessum in the case. Code of Virginia Section 6126." We cannot agree that such a conclusion necessarily follows.

The defendant in error, Wilbert, insists that the record in the circuit court action alone may be considered here in determining the effect of the "dismissed agreed" order. He cites *Lockard* v. *Whitenack*, 151 Va. 143, 149, 144 S. E. 606, from which he quotes the following:

"In *Walker* v. *Commonwealth*, 144 Va. 648, 131 S. E. 230, this court had occasion to deal with the verity of record, and emphasizes the rigor of that rule. 'The record imports such absolute verity that no evidence will be received to add to it or subtract from it, except under statutory permission. So strict is the application of the rule that this court refused to accept the most satisfactory proof of an omission from the record in a case involving human life. *Wright* v. *Commonwealth*, 111 Va. 873, 69 S. E. 956. See also, *Barnes* v. *Commonwealth*, 92 Va. 794, 23 S. E. 784; *Patterson* v. *Commonwealth*, 139 Va. 589, 123 S. E. 657.' "

As we have seen, a dismissed agreed order is evidence only "that the cause of action has been adjusted by the parties themselves in their own way." *Bardach Iron, etc., Co.* v. *Tenenbaum, supra.*

The record, however, does not require any compelling inference, either that Murden, Jr., was guilty of negligence proximately contributing to the collision, or that Miles Wilbert was acting as agent of Joseph E. Wilbert in operating the car at that time. The record contains no evidence of what inducements led the parties to agree to the entry of

the order. So far as the record shows, Joseph E. Wilbert may have consented to the dismissal for the reason that he was satisfied that he could not prove that W. R. Murden, Jr., was guilty of any negligence proximately contributing to the accident. On the other hand, W. R. Murden, Sr., and W. R. Murden, Jr., may have concluded that they were unable to establish that Miles Wilbert was acting as his father's agent at the time and that an affidavit denying such agency would be filed.

As we view the record, the only necessary conclusion to be drawn therefrom is that Joseph E. Wilbert no longer has any cause of action against either of the Murdens, and that neither of them has any further cause of action against Joseph E. Wilbert. We think the status of the record in this case restricts the effect of the dismissed agreed order to the actual parties to the suit, and that it cannot be extended, by inference, to the question of the liability of Miles Wilbert to W. R. Murden, Jr.

It follows that the trial court erred in dismissing the action on the plea of *res judicata*.

The judgment complained of is, therefore, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HUDGINS, C. J., concurring.

I concur in the majority opinion for the following reasons:

Miles Wilbert was not a party to the first action; hence he cannot plead the judgment in that case as an estoppel in this action against him, unless it affirmatively appears that his rights have been prejudiced thereby, or unless it appears from the former record that the relationship existing between him and Joseph E. Wilbert at the time the alleged tort was committed was that of master and servant.

A judgment in an action of tort in favor of one of two persons injured by the single act of negligence of the defendant will not, in a separate, independent action, conclude the issues between the other injured party and the same defendant. *Rhines* v. *Bond*, 159 Va. 279, 165 S. E. 515.