# Richmond

CHARLES E. FEREBEE, AN INFANT, ETC. v. E. B. HUNGATE, ET AL.

March 12, 1951.

Record No. 3740.

Present, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Louis B. Fine*, for the plaintiff in error.

*Rixey & Rixey*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

This case grew out of a collision on October 31, 1948, between two automobiles, one of which was owned by J. W. Ferebee and operated by his son, Charles E. Ferebee, and the other owned by Lelia E. Hungate and operated by E. B. Hungate, her husband. There were two passengers in the Hungate car, Mrs. Lelia E. Hungate, the owner, and Mrs. Marcella N. Hungate, the mother of E. B. Hungate. This proceeding is the third of three actions brought for damages resulting from the collision.

Lelia E. Hungate sued Charles E. Ferebee and J. W. Ferebee for damages to her automobile and for personal injuries incurred. In that action, J. W. Ferebee and Charles E. Ferebee separately filed cross-claims for damages incurred by them. They denied negligence on their part and alleged that the collision was caused solely by the negligence of E. B. Hungate, the agent and servant of Lelia E. Hungate. J. W. Ferebee filed an affidavit denying operation and control of the automobile driven by his son. (Section 8-115, Code of Va. 1950). Lelia E. Hungate also filed an affidavit denying that the automobile owned by her was under her control or operation. She averred that E. B. Hungate was not her servant or agent in his operation of her car.

On March 9, 1949, the case came on for trial. On motion of Lelia E. Hungate, the defendants' cross-claims were "stricken from the record." On motion of the defendants the evidence was "stricken" as to J. W. Ferebee, for failure to prove agency. Upon the issues joined, a verdict was returned in favor of the plaintiff against the remaining defendant, Charles E. Ferebee, in the sum of $1,500. Judgment was entered accordingly and thereafter paid and satisfied.

In the second action, Marcella N. Hungate sued J. W. Ferebee and Charles E. Ferebee for damages for personal injuries sustained by her. J. W. Ferebee again filed an affidavit denying operation and control of the car driven by his son. A judgment was returned against Charles E. Ferebee for $2,000 in favor of the plaintiff. It has been paid.

Subsequently the third action, this proceeding, was instituted by Charles E. Ferebee against E. B. Hungate and Lelia E. Hungate, for damages for personal injuries alleged to have been sustained by him, by reason of the negligent operation of the Hungate car by the defendants.

The defendants filed a plea of the general issue and a special plea of *res judicata* and estoppel by judgment. The special plea recited the recovery and satisfaction of the above two judgments. The plaintiff filed his general replication in denial of the special plea. By consent of the parties, the case came on to be heard on the issues made upon the special plea and replication. On motion of the plaintiff, the case was dismissed as to the defendant, Lelia E. Hungate. No action was taken to amend plaintiff's notice of motion accordingly. After hearing the evidence, "consisting of the records in the cases mentioned

in the special plea and the argument of counsel," the court sustained the plea, and dismissed the action as to E. B. Hungate. We granted a writ of error.

The sole assignment of error is to the action of the court in sustaining the special plea of the defendant, E. B. Hungate.

The plaintiff contends that since E. B. Hungate, the defendant in this proceeding, was not a party to the first two cases, or to the issues tried, the "full issues" between him and E. B. Hungate have never been determined.

On the other hand, defendant claims that plaintiff has taken a position in this proceeding inconsistent with his previous position in a prior suit touching the same subject matter. His contention is based on the grounds that since plaintiff filed a cross-claim in the former action by Lelia E. Hungate, in which he alleged that E. B. Hungate was her agent, and failed in this proceeding to amend his notice of motion charging both Lelia E. Hungate and E. B. Hungate with responsibility for the operation of the Hungate car, he is bound by his latter pleading as originally framed, and cannot now assert that Lelia E. Hungate was not legally responsible for the operation of her car.

There is no merit in defendant's contention. Better pleading, perhaps, required an amendment to the notice of motion by striking out the name of the dismissed person. However, plaintiff and defendant were each bound by the court's decision, and that, in effect, amended the pleading. There was no objection to the dismissal of Lelia E. Hungate. The sole issues thereafter related to questions of negligence affecting the drivers of the two cars. Agency was not involved.

The parties to this action are not the same as those in either of the two prior actions. E. B. Hungate was not a party to either of the first two cases or to the issues tried therein. Charles E. Ferebee was not called on or required to assert any demand against E. B. Hungate in those proceedings. Lelia E. Hungate, having been dismissed as a defendant, is not a party to this proceeding. The effect of the court order, in dismissing her as a defendant, was to leave the allegations of the notice of motion against E. B. Hungate alone.

The first case, in which Lelia E. Hungate was plaintiff, involved only questions of the negligence of Charles E. Ferebee, and the contributory negligence of Lelia E. Hungate. E. B. Hungate was not involved as a party in the suit of Marcella N. Hungate against Ferebee.

■ "The doctrine of estoppel by inconsistent position does not apply to a prior proceeding in which the parties are not the same." *The Pittston Co.* v. *O'Hara,* 191 Va. 886, 63 S. E. (2d) 34; 19 Am. Jur., Estoppel, section 73, page 711; 31 C. J. S., Estoppel, section 117, page 372 *ff.*

This brings us to the controlling question, that is, whether the trial court erred in holding that the judgments in the cases of Lelia E. Hungate and Marcella N. Hungate against Charles E. Ferebee barred the present proceeding against E. B. Hungate.

■ "The doctrine of *res judicata* rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of the opponent." 30 Am. Jur., Judgments, section 165, page 911.

[4, 5] "A final valid judgment on the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action; identity of the thing sued for, of the causes of action, of the parties to the action, and of the quality or capacity in which the parties sue or are sued is essential to the application of the doctrine." 50 C. J. S., Judgments, section 598, page 16.

The defendant overlooks three fundamental essentials in the application of the doctrine of *res judicata*: (1) There must be identity of persons and parties to the action; (2) There must be an identity of issue; and (3) The operation of estoppels must be mutual.

■ "If one who asserts the estoppel was not a party to the prior proceeding and is not bound by the judgment relied on, the adverse party is likewise not bound." *The Pittston Co.* v. *O'Hara, supra; Anderson* v. *Sisson,* 170 Va. 178, 182, 196 S. E. 688; *Unemployment Compensation Comm.* v. *Harvey,* 179 Va. 202, 210, 18 S. E. (2d) 390; Freeman on Judgments, 5th Ed., Vol. 1, section 428, page 929, *ff;* and Black on Judgments, 2d Ed., Vol. 2, section 610, page 927, *ff.* See also, 8 M. J., Former Adjudication or Res Adjudicata, page 575, *et seq.*

The rule of estoppel by judgment is thus stated in Black on Judgments, Vol. 2, 2d Ed., section 534, page 807:

"Judgments and decrees are conclusive evidence of facts only as between parties and privies to the litigation. And, in

the case of a former adjudication set up in defense, it is no bar unless the parties to the first judgment are the same as those to the second proceeding. On the principle that estoppels must be mutual, no person is entitled to take advantage of a former judgment or decree, as decisive in his favor of a matter in controversy, unless, being a party or privy thereto, he would have been prejudiced by it had the decision been the other way."

Further on in section 611, page 928, the same author says:

"There must be an identity of issues. And by this is meant that the issue raised in the second suit, upon which the evidential force of the former judgment is to be directed, must be identical with the issue (or one of the issues) raised and determined in the first action."

In *Capps* v. *Whitson,* 157 Va. 46, 160 S. E. 71, and *Owen* v. *Dixon & Savage,* 162 Va. 601, 175 S. E. 41, we dealt with situations somewhat similar to that now confronting us.

*Capps* v. *Whitson, supra,* arose out of a collision between the bus of Whitson, being driven by Wilson, his employee, and an automobile of Capps, driven by himself. Lula O. Davidson, who was a passenger in the bus of the plaintiff, brought suit against Capps and Whitson, claiming damages for personal injuries on account of the negligence of both of the defendants. The jury returned a verdict against both defendants, which was paid by them ratably or jointly. Subsequently, Whitson sued Capps for damages alleged to be due him on account of the defendants' negligence in the same automobile accident. The jury returned a verdict for the plaintiff for $675. The court declined to set aside the verdict and the case came before us for review. One assignment of error dealt with the trial court's rejection of the defendants' plea of *res adjudicata* or estoppel because of the judgment granted in the former case of *Davidson* v. *Capps & Whitson.* After reviewing the facts and the law, we held that since the causes of action in the two suits were not the same, and the issues not identical, the trial court did not err in rejecting the plea of the defendants.

In *Owen* v. *Dixon & Savage, supra,* Owen sued the defendants to recover damages for personal injuries incurred as a result of a collision between the automobile driven by him and an automobile owned by Dixon and operated by Savage. There was a trial by jury, which resulted in a verdict for defendants. A writ of error was granted and defendants moved to dismiss

the writ on the ground that plaintiff was estopped from further prosecuting his suit by a judgment which had become final after the writ was granted. On the hearing of the action before us, it was shown that Wingfield, a passenger in the car operated by the defendants, was killed in the same collision and his administrator filed a suit against Owen and Dixon and Savage, alleging that the accident was due to the concurring negligence of the operators of the two cars. Owen claimed he was free from fault, and that the accident was proximately due to the negligence of Dixon and Savage. Dixon and Savage claimed that they were free from fault, and the collision was proximately due to the negligence of Owen. Wingfield's administrator obtained a verdict. We granted writs of error to Owen and to Dixon and Savage. On motion of the parties, both writs of error were dismissed, thus making final the judgment of the lower court. Subsequently, the judgment was paid and satisfied.

Dixon and Savage, defendants in the second suit, contended since it had been adjudicated by final judgment in the prior suit that Owen was guilty of negligence which was the proximate cause of the accident, he was estopped from prosecuting his suit. We denied the motion to dismiss, it appearing that the causes of action in the two suits were not the same, the issues not identical, and the plaintiff in the first suit a stranger to the second.

The defendant cites the following cases to sustain his contention as to the applicability of his plea:

*Eagle Star, etc., Ins. Co.* v. *Heller,* 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490; *Virginia Ry., etc., Co.* v. *Leland,* 143 Va. 920, 129 S. E. 700; *Wright* v. *Wright,* 164 Va. 245, 178 S. E. 884; *Ward v. Charlton,* 177 Va. 101, 12 S. E. (2d) 791; and *Pickeral* v. *Federal Land Bank,* 177 Va. 743, 15 S. E. (2d) 82.

None of these cases is in point. The facts were not similar to those in the proceeding under review.

In *Eagle Star, etc., Ins. Co.* v. *Heller, supra,* the defendant in error was held bound by the result of a prosecution adverse to him. He had had his day in court, with opportunity to produce his witnesses and to make his defense. The identical question which had been decided in the criminal proceeding against him was sought to be reopened by collateral attack in a civil proceeding.

In *Virginia Ry., etc., Co.* v. *Leland, supra,* it appeared that Leland and Carnohan were partners and, in the course of their

business, drove their truck along a certain street. Carnohan was the driver and by him sat Leland. Both of them looked back and saw a street car coming. There was a collision in which Leland was hurt. The partners brought a suit for damages to their truck, and Leland another suit for personal injuries. There was a judgment for the defendant in the first action. In Leland's action pleas of *res adjudicata* and estoppel by judgment were filed, but rejected by the trial court. In reversing the trial court, we held that the judgment in the first suit determined that the negligence of Leland and Carnohan was the proximate cause of the collision and conclusive of any right or recovery of either or both of them in any other action based on the same cause of action.

In *Wright* v. *Wright, supra,* a suit for divorce, the defendant contended that a judgment of the court in a proceeding charging him with non-support, deciding that he had obtained a valid decree of divorce from the plaintiff in the State of Nevada, was *res judicata* of the subsequent action. We held, under the facts of that case, that the parties to the two actions and the issues therein were the same, and affirmed the trial court in sustaining the plea.

In *Ward v. Charlton, supra,* the facts were as follows:

Ward was injured when his car collided with a tractor which was being driven by Harper, the servant and employee. of Charlton. Ward sued Charlton for damages, claiming that the collision was due to the negligence of Harper. Charlton asserted the defense that Ward was guilty of contributory negligence. A jury's verdict of $800 for Ward was set aside and judgment entered for the defendant, Charlton. We granted Ward a writ of error. Charlton moved to dismiss the writ on the ground that Ward was estopped to prosecute it by a final judgment in another case. The motion to dismiss was supported by an affidavit which showed that subsequent to the granting of the writ of error to Ward, Harper, the person who was operating the tractor at the time of the collision, had sued Ward for personal injuries, sustained in the same accident; that Ward filed a cross-claim against Harper for a claim for damages for personal injuries and damages to his automobile, the identical cause of action now before us; that the claim of Harper against Ward and the cross-claim of Ward against Harper were tried together before a jury, which found that neither party was entitled to

recover of the other; and that a judgment entered on the verdict had become final.

We held that, since there had been a judicial determination in the action involving Ward's cross-claim against Harper, Ward was not entitled to recover against Harper, the operator of the car, therefore Ward could not recover against Charlton, the owner of the car, because the liability of the owner was necessarily predicated upon the negligence of the operator-agent of the owner. There were an identity of parties and issues and each of the parties had had their day in court. The motion to dismiss the writ of error was sustained.

See also, *Murden* v. *Wilbert,* 189 Va. 358, 53 S. E. (2d) 42.

In *Pickeral* v. *Federal Land Bank, supra,* where a common matter of fact, as a necessary ground for recovery, had been put in issue between the same parties or their privies in a prior case, its adjudication was held conclusive upon the second. (177 Va., page 750).

E. B. Hungate was not a party to the actions instituted by Lelia E. Hungate and Marcella N. Hungate against Charles E. Ferebee. He had no right to control those proceedings, to make defense, to adduce and cross-examine the witnesses, or to appeal from the decisions. He was a stranger to those suits and was not bound by the judgments therein.

E. B. Hungate and Charles E. Ferebee owed different degrees of care to the passengers in Hungate's car. No issue as to their rights *inter se* was made. The prior judgments merely adjudicated the rights of each of the former plaintiffs as against Charles E. Ferebee, and left unadjudicated the rights of the drivers of the cars as between themselves. The question of the last clear chance may be a pertinent issue between the two drivers, whereas it was of no concern to the plaintiffs in the former cases. The issues between the drivers may rest upon different states of facts and different rules of law.

For the foregoing reasons, we are of opinion to reverse the judgment of the trial court and remand this proceeding to the lower court for such further proceedings as may be proper.

*Reversed and remanded.*