## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Ruth F. Newman

v.

James C. Bareford

### March 24, 1961

### Case No. A-3875

BY JUDGE ALEX H. SANDS, JR.

On August 9, 1960, a vehicle driven by James C. Bareford was in a collision with a vehicle owned by W. E. Seaton & Sons, Inc., and operated at the time by Ruth F. Newman. Both Bareford and Newman sustained personal injuries.

On August 24, 1960, Bareford instituted suit in this court, to recover damages for his injuries so received, against Seaton, Inc., and Newman.

On September 13, 1960, Newman instituted suit in this court to recover damages for her injuries against Bareford.

In the first suit, the insurance carrier for Seaton, Inc., and Newman, through its attorney, entered an appearance for Seaton, Inc., and Newman, later effected a compromise of the case and on February 2, 1961, an order was entered "dismissing agreed" the case. While not controlling, it is of interest that this order does not recite that the dismissal was the result of any settlement or compromise. While it appears nowhere of record in the suit, it was stated to the court by counsel for Newman that Newman had no knowledge or notice of such settlement or the entry of such "dismissed agreed" order until after entry of the order. Opposing counsel did not challenge this statement, and it is accordingly accepted by the court as a fact.

On March 20, 1961, after due notice to plaintiff, the defendant Bareford in the suit of *Newman v. Bareford* moved the court to dismiss the action upon the ground that the order dismissing the former case "agreed" was *res adjudicata* as to the rights of the parties in the present action and was

equivalent to a retraxit. This issue should have been raised by the filing of a plea of *res adjudicata* and the court, for purposes of this ruling will consider such plea as having been filed.

The sole issue is whether the defense of *res adjudicata* is good under the above stated facts.

The rule in Virginia seems to be well established that an order of "dismissed agreed" is a final determination, as to the parties to the suit, of matters litigated in that suit, *Hoover v. Mitchell*, 66 Va. (25 Gratt.) 387 (1874), has the effect of a retraxit, *Bardach Iron Co. v. Tenenbaum*, 136 Va. 163 (1923), and is a complete bar to any subsequent suit on the same cause of action, *between the same parties. Murden v. Wilbert*, 189 Va. 358 (1949). This rule appears to have been unequivocally adopted in this state and were the "dismissed agreed" order in the *Bareford v. Newman* case entered into by Newman personally, or by counsel for Newman duly authorized to enter such order by Newman or even not specifically authorized, if representing Newman's actual and total interests in the matter, defendant's plea of *res adjudicata* would be good under the above authorities.

What appears to be an almost universally accepted exception to this rule, however, is that where a settlement of an assured's liability has been made by his carrier, either before or after institution of suit, that such action is not a bar to a subsequent claim by the assured to recover personal injuries. This exception is based upon the obvious concept that the company, under its contractual agreement with its insured is *not* authorized to handle, much less to release, any right of action which might be owned by the insured and that therefore the appearance by the insurance company's attorney in the name of the insured is, in reality an appearance by the insurance company for the sole purpose of discharging its duty to the insured under the policy, *i.e.* to defend any action which may be brought against him and thus puts in issue in the case only those rights of the insured which the attorney, through the insurance company, is authorized to put in issue, those relating to the insured's *defense*.

While the case of *Owen v. Dixon and Savage*, 162 Va. 601 (1934), actually involves a different factual situation, yet this expression of the court is directly in point:

> *It is apparent that the compromise was effected by the insurance company and not by the plaintiff.* No authority has been cited nor have we been able to find any authority for the proposition that, when a claim for damages against an insured has been

> compromised by the insurance carrier, under the terms of its contract, the insured is estopped from asserting whatever claim he may have against a third party. [Italics added.]

It is interesting to compare the affidavit in the *Owen* case upon which this language is predicated (162 Va. at pages 605, 606) with statements of counsel at bar in the present case.

That the court does not consider the above language in the *Owen* case to have been *dicta* is apparent from the language of the court in *Byrum v. Ames and Webb, Inc.,* 196 Va. 597 (1955), when commenting on the *Owen* case the court says:

> due to a difference of the causes of action and of the issues in the two suits, *and for other reasons,* the matter was not *res judicata.*

One of the "other reasons" was contained in the above quotation.

This exception to the general rule seems to have been generally recognized in those jurisdictions in which the question has arisen. *Fikes v. Johnson,* (Ark.) 248 S.W.2d 362; *Foremost Dairies v. Campbell Coal Co.,* (Ga.) 196 S.E. 279; *U.S.A.C. Transport v. Corley,* 202 F.2d 8 (5th Cir. 1953); *Last v. Brams,* 238 Ill. App. 82; *Burnham v. Williams,* (Mo.) 194 S.W. 751; *DeCarlucci v. Brasley,* (N.J.) 83 A.2d 823; *Jetton v. Polk,* (Tenn.) 68 S.W.2d 127. See comprehensive note in 32 A.L.R.2d pages 937-940. See also *Restatement on Judgment,* Secs. 80 and 85.

There is still another ground upon which this exception is applicable. As stated in *Murden v. Wilbert, supra,* "a dismissed agreed order is evidence ONLY 'that the cause of action has been adjusted by the parties in their own way'." This means that the true circumstances surrounding the settlement can be shown. If a release were taken by Newman's carrier at the time of settlement, and it may well have been, it doubtless carried the usual provision that the party signatory thereto "expressly denies any liability upon her part" in effecting the settlement. In such event this would be proof positive that in negotiating the settlement Newman expressly reserved the question of her liability from any issues to be concluded thereby. *Burnham v. Williams,* (Mo.) 194 S.W. 751.

For the above reasons the plea of *res adjudicata* is overruled.