## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Barnes

v.

Norfolk Southern Railway Co.

December 18, 1964

Case No. (Law) 8661

By JUDGE WALTER A. PAGE

The court has considered the exhibits tendered, the authorities cited and the oral argument of counsel with reference to counsel for the defendant's pleas in bar and the plaintiff's motion to strike said pleas.

In the instant case plaintiff has brought a motion for judgment alleging damages as a result of the defendant's allegedly having wrongfully discharged the plaintiff from its employment in violation of an agreement. The plaintiff has previously obtained a judgment in the United States District Court for the Eastern District of Virginia against the defendant for personal injuries. The defendant contends that the plaintiff's cause of action is barred by *res judicata*, estoppel by judgment and the plaintiff's assumption of inconsistent positions in the litigation heretofore mentioned wherein the plaintiff obtained a judgment against the defendant in the amount of $80,000.00. The defendant further contends that the plaintiff's cause of action for breach of contract is barred by the terms of the contract itself in that he failed to take the mandatory steps required in accordance therewith. The plaintiff takes issue with both contentions and has moved the court to strike the pleas in bar.

Under the doctrine of *res judicata* a former final judgment on the merits rendered by a court of competent

jurisdiction over the subject matter and the parties in a previous action between the same parties and upon the same claim or cause of action may be pleaded an absolute bar of a second action. The subsidiary doctrine of estoppel by judgment applies where there is a second suit involving the same parties but a different claim or cause of action. In this instance, even though there is a final adjudication on the merits, if the subsequent action be upon a different cause of action, it cannot be pled in bar unless the estoppel is mutual; i.e., the party seeking benefit of the prior judgment must demonstrate he would be prejudiced if the former controversy had been decided the other way. See Burks *Pleading and Practice*, 4th Ed. § 357, pp. 372-375. These fundamental essentials, as set forth in *Ferebee* v. *Hungate*, 192 Va. 32 (1951), are: (1) there must be identity of persons and parties to the action; (2) there must be identity of the issue; and (3) the operation of estoppels must be mutual. The courts have also held that the doctrine is technical in nature and one who asserts it cannot complain if the proceedings upon which he relies are subject to technical scrutiny (See *Patterson* v. *Anderson*, 194 Va. 557 (1953)). It is also held that a party may not assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. (See *Rohanna* v. *Vazzana*, 196 Va. 549 (1954)).

While it is true that the plaintiff in his motion for judgment alleges damages as a result of his wrongful discharge by the defendant and his previous action was one for personal injuries, the plaintiff in the latter action contended that his unemployment by the defendant was on the basis of his permanent disability and was allowed to prove over objection of the defendant his unemployment at the date of the trial as an element of damages, as well as his impairment of earning capacity in the future; whereas, in his present motion for judgment, he alleges that he was discharged without just cause.

Based upon the foregoing, the court is of the opinion that the pleas of the defendant should be sustained. Under these circumstances, the defendant's second contention is moot.