## CIRCUIT COURT OF TAZEWELL COUNTY

Arthur E. Smith

v.

Peggy Ellen Ramey

November 8, 1988

Case No. (Law) 8511

By JUDGE DONALD A. McGLOTHLIN, JR.

The Court has considered the pleadings, the stipulations, and the several memoranda filed subsequent to oral argument and has conducted additional research. It is the Court's opinion that plaintiff's motion for partial summary judgment requesting a ruling that the contingent fee contract entered into by the parties is enforceable must be denied in part, and further that plaintiff's demurrer to the counterclaim filed in this suit must be overruled.

The parties to this suit entered into a contract February 25, 1982, in which plaintiff, a member of the Bar, agreed to represent the defendant and to assist her in obtaining (1) a divorce from her husband, (2) a monetary settlement based upon her ownership of property, and (3) a lump sum award from any property that was owned by her husband. Mrs. Ramey agreed to pay a fee of $5,000.00 for plaintiff's representation in obtaining a divorce, and a contingent fee of 10% of any amounts obtained for her by Mr. Smith as a result of his negotiations or efforts regarding her own property rights or her husband's property rights. Plaintiff filed a divorce suit for Mrs. Ramey requesting inter alia relief under Virginia Code § 20-107.3. He also filed a separate motion for judgment seeking a money judgment against Mrs. Ramey's husband for one-half of the insurance proceeds paid Mr. Ramey for a fire loss

claim involving the Rameys' jointly owned home. A property settlement was negotiated and executed by the Rameys, and both suits were terminated in accordance with its terms. Plaintiff now sues for fees he claims are owed him by defendant calculated at the contingency rate of 10% of the value of the properties and funds Mrs. Ramey received pursuant to the property settlement agreement. Each party has filed a motion for summary judgment, the plaintiff contending his contract is legally enforceable, the defendant maintaining it is not.

The Court is guided initially by the Virginia Code of Professional Responsibility adopted by the Supreme Court of Virginia. Disciplinary Rules 2-105(C) and 5-103(B) authorize an attorney to enter into a contract for a fee contingent upon the outcome of a matter for which services are rendered except in criminal cases or other matters in which a contingent fee is prohibited by law. Ethical Consideration 2-22 amplifies this rule stating "because of the human relationships involved and the unique character of the proceedings, contingent fee arrangements in domestic relations cases are rarely justified." Plaintiff cites the Court to several decisions from various states which have upheld contingent fee contracts in domestic relations matters, however, no facts have been pled by plaintiff or suggested by counsel in oral or written argument which would indicate that the circumstances of the Ramey divorce case were in any way unusual. The contract required Mrs. Ramey to pay a substantial retainer; it reveals that she has an estate in her own right; and it further implies that she has or will have resources available upon the dissolution of her marriage by virtue of her legal interest in certain property and her equitable interest in the estate of her husband. Nowhere is it suggested that Mrs. Ramey could not afford to pay the $5,000.00 retainer fee or that she would be unable to pay a reasonable fee in addition for services which might be rendered with regard to the obtaining of her property interests whether legal or equitable. There is no suggestion in the pleadings or otherwise of any facts which would be similar to those found in the several cases cited by plaintiff upholding contingent fee contracts in marital cases. The Court finds them inapposite for this, as well as other reasons.

At the time of the execution of this contract, plaintiff was obviously aware that the Virginia General Assembly had passed a bill which would become law July 1, 1982, enacting what is now Virginia Code § 20-107.3 (commonly known as the "equitable distribution statute"). As a matter of fact, Mr. Smith filed the suit for divorce only after that law became effective to take advantage of its provisions. The contract anticipated plaintiff representing the defendant in an endeavor to obtain "a lump sum award from property owned by your husband," an obvious reference to the relief provided by § 20-107.3(D). On August 14, 1981, the Virginia Supreme Court approved Legal Ethics Opinion # 423, which stated that it was ethically improper for an attorney to enter into a contract with his client in which his fee would be based on a percentage of a court-awarded sum granted to the client as a lump sum property settlement. Later on May 1, 1984, the Court approved Legal Ethics Opinion # 189, which spoke to the subsequent enactment of Code § 20-107.3 and provided:

> Except in an extremely rare situation, it is ethically improper for an attorney to enter into a contingent fee arrangement in family law and domestic relations cases. The potential of a monetary award under § 20-107.3, Virginia Code, provides no exception to the general prohibition.

Virginia State Bar Professional Handbook (1985 Supp.), at page 18.

These legal ethics opinions are not necessarily binding on a court of law; however, they are instructive and assist the Court in construing the meaning of the Disciplinary Rules and Ethical Considerations contained in the Virginia Code of Professional Responsibility.

Plaintiff argues that Legal Ethics Opinion # 189 was not effective until July 1, 1984, is therefore not applicable to the present case, and would be tantamount to an *ex post facto* deprivation of a contractual right if enforced in this case. This Court rejects that argument. The law governing this case has been in effect for decades, if not centuries, prior to the parties entering into this contract. Even the Disciplinary Rules and Ethical Considera-

tions previously referred to were in effect long before the date of this contract. Legal Ethics Opinions are merely the Virginia State Bar's Legal Ethics Committee's attempt to interpret the law and the ethical responsibilities of members of the bar. These opinions do not have the force of law nor do they change the Rules governing attorneys' conduct when they are approved by the Supreme Court of Virginia. In making its rulings, this Court is not enforcing the Legal Ethics Opinion, but the pre-existing common law and Rules of the Supreme Court of Virginia. That body of law prohibited contingent fee contracts in domestic relations cases except in extraordinary circumstances, which do not appear in this case.

This contract provides for the contingent fee to be paid from any amounts obtained by Mr. Smith from a court-awarded lump sum based on property owned by Mrs. Ramey's husband or by virtue of a settlement of her claim to such an award from Mr. Ramey's property. Such an award or settlement would only be accomplished by obtaining a divorce for the parties and creates a financial influence or pressure on the lawyer to concentrate his best efforts on obtaining a large monetary award or settlement for his client, possibly to the detriment of her claim for spousal support, but more importantly, to the detriment of the possibility that his client could be reconciled with her husband. This Court cannot sanction or condone such an agreement. The Court finds that the parties' February 25, 1982, contract violates public policy insofar as it provides for a contingent fee for obtaining an award or settlement for defendant's equitable or legal rights in her husband's property or marital property; that it tends to promote the dissolution of defendant's marriage to her husband; and that it creates a financial conflict of interest for the attorney plaintiff should reconciliation at any time during the period of representation become a possibility. Plaintiff's motion for summary judgment is therefore denied.

Mr. Smith was also hired to obtain for Mrs. Ramey certain insurance proceeds held by her husband which she claimed as her own property. As plaintiff's counsel has argued, this claim could have been maintained without the necessity of a divorce suit being filed, and its resolution would not necessarily tend to promote divorce or

inhibit the parties' reconciliation. Therefore, defendant's motion for partial summary judgment on the grounds that this portion of a contract is void as against public policy is denied. Plaintiff may proceed upon his claim for this portion of the fee allegedly due.

Also before the Court is plaintiff's demurrer to defendant's counterclaim. The counterclaim alleges that there was an employment contract in which Mr. Smith agreed to serve as Mrs. Ramey's legal counsel relative to her suit for divorce and claims for spousal support and marital property against her husband; that Mr. Smith owed her a duty to exercise reasonable care, skill and diligence in the prosecution and settlement of her claims; that he was negligent by failing to exercise reasonable care, skill and diligence in these matters; that as a direct and proximate result of that negligence, Mrs. Ramey obtained an inadequate settlement of her claims for spousal support and marital property. The counterclaim thus pleads facts which establish the elements of a claim for the negligent handling of the legal matters Mrs. Ramey entrusted to Mr. Smith.

The property settlement agreement negotiated by plaintiff was a contract between Mrs. Ramey and her husband, and the general rule is that it binds only those two parties. Mr. Smith contends he was a third-party beneficiary and that Mrs. Ramey's acknowledgment that the agreement was fair and adequate should inure to his benefit. Mrs. Ramey counters that Mr. Smith cannot be said to be a third-party beneficiary of that contract except to the limited extent that it provides for Mr. Ramey's payment to him of certain attorney's fees. The Court agrees with the defendant that the fact that Smith would benefit by collecting a contingent fee based upon the amount of the property or property rights allocated to Mrs. Ramey in the contract cannot serve as a basis for establishing a third-party beneficiary relationship. The Court has now ruled that such a contingent fee arrangement is unenforceable and against public policy. The only provision in the contract which obviously refers to and at least seems to be intended to benefit Mr. Smith is paragraph 8 in which Mr. Ramey agrees to pay the sum of $10,000.00 to Mr. Smith for attorney fees and court costs incurred as a result of the divorce litigation. There is no such patent indication

in the property settlement agreement that Mr. [Smith] was intended to have been a third-party beneficiary of the provisions of paragraphs 14 and 17, where Mrs. Ramey acknowledged that the provisions of the agreement were fair, adequate and satisfactory to her, that the agreement was fair and equitable, entered into voluntarily, and that Mrs. Ramey had been furnished with all information relating to Mr. Ramey's financial affairs which had been requested either by her or her counsel. The question of whether Mr. Smith was intended to have been a third-party beneficiary of these latter provisions is at best one for the jury and is not subject to attack by demurrer.

Nor is the doctrine of judicial estoppel applicable in this case as plaintiff contends. The suit in which the Court adopted and ratified the provisions of the property settlement agreement was a divorce action between Mr. and Mrs. Ramey. Mr. Smith had no standing in the suit, and the provisions of the Court's Final Decree are not binding as between Mrs. Ramey and Mr. Smith. *See Ferebee v. Hungate*, 192 Va. 32 (1951). Moreover, the issues involved in the divorce care were not the same as the issues presented by the counterclaim. In the instant counterclaim, the issue is whether Mr. Smith was negligent in the performance of his duties to his client. The issue in the divorce suit was as between the husband and wife should there be a divorce, with whom should custody of these children be posited, whether either party should pay spousal support, how much child support the non-custodial parent should pay, and whether a monetary award should be granted under the equitable distribution provisions.

The Court would further note that the representations made by Mrs. Ramey in the property settlement agreement are not, as argued by Mr. Smith, inconsistent with her position taken in her counterclaim. In paragraph 17, Mrs. Ramey merely acknowledges that she has been furnished with all the information requested by her lawyer or by herself of Mr. Ramey. Mrs. Ramey's position now is that Mr. Smith was negligent by failing to ask for or obtain information relating to Mr. Ramey's financial affairs. She also asserts that Mr. Smith's actions and/or omissions worked a fraud upon her and that, based upon fraud and lack of information, she agreed with her husband that

the provisions of the property settlement agreement were fair and satisfactory.

In view of the foregoing, the Court overrules plaintiff's demurrer to the counterclaim.