## CIRCUIT COURT OF FREDERICK COUNTY

Discount Homes, Inc.

v.

James D. McFarlane et ux.

July 22, 1989

Case No. (Law) L-88-131

By JUDGE ROBERT K. WOLTZ

This action comes on to be heard on the defendants' plea of res judicata. The litigants here agree that there is an identity of parties and of cause of action between this proceeding and the former proceeding. The contentions center on two points: first, whether the judgment of dismissal in the former proceeding shows the dismissal was based on the failure of the plaintiff to file a bill of particulars as ordered, and if so whether a dismissal on that basis is such a judgment as will support res judicata asserted in the present case. The plea of res judicata is sustained.

Prior to suit in this court, the plaintiff by warrant commenced an action against the defendants in the General District Court of Rockingham County. Record of that proceeding, which is filed in this one, shows that the plaintiff was ordered to file a bill of particulars by February 15, 1987. It also shows a notice duly mailed March 4, 1987, that on March 10 the defendants would move for summary judgment pursuant to Supreme Court Rule 3D:4. Attached was a motion for summary judgment alleging that the bill of particulars ordered January 12, to be filed by February 15, had not been filed. There is no bill of particulars in that record. On March 10, under the heading Case Disposition on the warrant form the district

court checked the "Dismissed" block. The block indicating "Judgment for named defendant" was not checked. Eight days later the plaintiff noted an appeal which was not perfected.

Seventeen months later the plaintiff instituted by warrant a suit against the defendants in the General District Court of Frederick County, to which the defendants filed a plea of res judicata. On the return day the plea was sustained by that court and plaintiff appealed to this court where the same plea in bar was interposed.

The position of the plaintiff that the record in the earlier case does not show dismissal on the basis of failure to file bill of particulars is untenable. That record shows the defendants' duly filed a motion for summary judgment returnable March 10, based on failure timely to file bill of particulars. No such bill appears in that record. On the return day that court dismissed the case. While dismissal of a suit can occur for a number of reasons, the unavoidable conclusion in this case is that the dismissal was based on the defendant's motion.

Rule 3D:4 of the Rules applying to civil cases in general district courts (now superseded by Rule 7B:2 which is virtually the same) provided that the court may require plaintiffs to file written bills of particulars and defendants to file grounds of defense within a specified time. It further states "the failure of either party to comply may be grounds for awarding summary judgment in favor of the adverse party." Under the summary procedures used of necessity by district courts the court checked the "dismissed" block instead of the "judgment for named defendant" block, which, under the circumstances, seems to this court to be of little moment. On the record in that case the intent, purpose, and result is the same. It is of significance that the "non-suit" block was not checked, in which event there would have been a mere discontinuance of the action with a consequent right to reinstitute the proceeding. Speculatively the district judge may have dismissed the case rather than given summary judgment as provided by the Rule because there is no block to check for "summary judgment" and the conclusion of the case was on procedural rather than evidentiary grounds.

The doctrine of res judicata is one founded in public policy with the objects of putting an end to litigation

and preventing continued "harassment and vexation" of an adverse party. *Griffin* v. *Griffin*, 183 Va. 443, 452 (1945). The plaintiff contends that the doctrine does not apply unless there is a judgment "on the merits", which concept is expressed in a number of cases and other authority, *e.g.*, *Ferebee* v. *Hungate*, 192 Va. 32, 36 (1951), and 8B Mich. Jur., *Former Adjudication or Res Judicata* sect. 12. Plaintiff claims that there was no trial on the merits and it has never had its day in court. So to construe the meaning of the doctrine is too narrow. The merits of some cases can be disposed of procedurally and form a basis for invoking res judicata even though the evidential merits of the case were never reached.

A plea of the statute of limitations sustained on the basis of the pleadings without necessity of evidentiary hearing is such an instance. Another is where a plea of the statute of frauds is successfully interposed on the basis of the pleadings alone. To allow a plaintiff in those situations to continue to reinstitute actions against the defendant without possibility of successful assertion of res judicata would be an abnegation of the doctrine itself and can rest on nothing more than sophistry.

In the *Griffin* case, mentioned above, the doctrine was successfully invoked against a second suit for divorce where the first suit had been disposed of by final judgment on a demurrer merely. There in the first suit the defendant demurred to very generalized allegations of the ground for divorce. Demurrer was sustained with leave to amend the bill of complaint but the complainant failed to do so. Thereafter complainant filed a second suit on the same ground and defendant successfully pleaded res judicata in bar of the second suit. After discussing the statute, now Code § 8.01-275, on lack of form in pleadings the opinion states at page 450, "A decision of an issue of law on a demurrer is a decision on the merits and constitutes *res adjudicata* as to any other proceedings when the same parties and the same issues are involved."

Here in the former action the only pleading was a warrant for a certain sum of money in debt. Defendants were entitled to be informed of the specific basis of the claim and sought enforcement of this right by motion for particulars which the court sustained and ordered particulars filed. Complainant failed or refused to file

written particulars though given reasonable opportunity to do so. To say because the plaintiff would not tell the defendants what its action was all about that the order of dismissal was not procedurally a determination on the merits would be fantasy. Failure to make any specific allegations at all to support one's claim is a fault at least as severe as making allegations which fail legally to state a claim. If judgment on demurrer is a decision on the merits in the latter instance, judgment of dismissal in the former is equally one on the merits.

Plaintiff did have its day in court but failed to take advantage of it. Plaintiff had opportunity to go forward with a view to full hearing and disposition but declined to do so. Plaintiff had the further opportunity of appealing to the circuit court for proceedings *de novo* but failed to take that advantage. Res judicata applies to all matters "which the plaintiff had the opportunity of bringing before the court." *Griffin*, at page 451.

To say that plaintiff can now maintain a second suit and in the future under the same circumstance maintain suits *ad infinitum* against the defendants would be unjust, contrary to the doctrine of res judicata and its underlying purpose of bringing litigation to an end and preventing the harassing and vexing of adversary parties.