## CIRCUIT COURT OF RICHMOND COUNTY

Kenneth Wayne Harper

v.

Johnny Edward Bordwine et al.

March 5, 1999

BY JUDGE JOSEPH E. SPRUILL, JR.

The defendants have filed a motion in limine asking that the plaintiff be prohibited from putting into evidence any bills for medical expenses that have been forgiven and which neither the plaintiff nor any collateral source will ever be required to pay.

Consistent with the rulings of this Court in other cases, we grant the motion.

If a plaintiff has no legal or moral responsibility to pay a certain portion of a medical bill, it cannot be said that this is an expense which has been *incurred*. If it is not an incurred expense, it cannot be an item of damage which the plaintiff should be entitled to claim.

The circumstances do not, in this Court's view, implicate the collateral source rule. We recognize that "compensation … received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." *Owen v. Dixon*, 162 Va. 601 (1934).

The question is not what may have been paid by collateral sources. These amounts, clearly, can be claimed by plaintiff. The question is what expenses has the plaintiff actually incurred. To say that a healthcare provider might be paid $1,000.00 for services but that a plaintiff could claim $1,500.00 in damages for those services is a fiction that a court should not countenance.

I recognize that many fine judges across the Commonwealth have come to a different conclusion on this issue. Since I have decided this issue several times before, it can be said, at the least, that I am consistent.