# Wytheville

## R. J. JOHNSON v. EDWIN KELLAM.

June 14, 1934.

Present, Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ

The opinion states the case.

*M. Earl Woodhouse* and *W. R. Ashburn,* for the plaintiff in error.

*I. W. Jacobs* and *Venable, Miller, Pilcher & Parsons,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Johnson, who was the plaintiff in the court below, instituted his action for damages growing out of a collision between an automobile which he was driving and one which was being driven by Kellam, who was the defendant. The jury returned a verdict in favor of the plain-

tiff for $2,250.00, which was sustained by the trial court, and judgment was rendered thereon.

Johnson will be referred to as the plaintiff and Kellam as the defendant.

The trial court permitted the defendant to show that the plaintiff had received, on account of his injuries, some $650.00 from an insurance company by reason of a certain accident policy. For that reason, the plaintiff claims that his damages were minimized to that extent, and that to permit evidence of such a collateral matter was prejudicial error.

On the other hand the defendant assigns cross-error and contends that the plaintiff was guilty of such contributory negligence as barred any recovery and that the court misdirected the jury.

The verdict of the jury in favor of the plaintiff established the actionable negligence of the defendant, Kellam. It also established that the plaintiff was not guilty of any contributory negligence which barred his recovery. If the verdict is sustained by the evidence, these two issues must be resolved against the defendant.

From the standpoint of the plaintiff the evidence discloses that the collision occurred in the day-time upon a State highway which was straight and twenty-two feet wide, with smooth shoulders five feet wide. It had rained just prior to the time of the collision and the road was wet. The highway runs easterly and westerly. The plaintiff and the defendant were the only eye-witnesses.

The plaintiff was driving easterly on his right side at thirty miles per hour while the defendant was driving rapidly in a westerly direction in the middle of the road. The defendant's car was observed by the plaintiff occupying the middle of the road and while a safe distance away the plaintiff sounded his horn to warn the defendant to move over to his proper side, but the defendant did not heed the warning and continued in a straight course in the middle of the road. When they were some sixty yards apart the plaintiff drove to his extreme right

side and the defendant drove diagonally over on plaintiff's side and into plaintiff's car. The plaintiff's car was struck near the left door, close to where he was sitting. The front of the defendant's car was damaged from the impact. After the collision both automobiles were resting over on plaintiff's side of the road in the ditch beyond the shoulder. They were then about twenty-five feet apart.

When the defendant's car was moved by the wrecking crew it was observed that the left front wheel was locked and after the plaintiff was taken to the hospital, according to his testimony, the defendant said that he "thought his brakes locked and that caused his car to go off."

From the damage to the cars, as observed by those who saw them immediately after the collision, the conclusion is inescapable that the front of the defendant's car jammed into the left side of the plaintiff's car.

The defendant did not deny that he was driving in the center of the road. He said: "I presume I was driving pretty near the center of the road, and so was he." * * * In other particulars his testimony was in conflict with that of the plaintiff.

The plaintiff sustained painful and permanent injuries and his automobile was considerably damaged. His expenses, including doctors, nurses and hospital bills, amounted to more than $1,000.00. The repairs to his automobile cost him $181.75.

The defendant's explanation of the accident was different from that testified to by the plaintiff, but the physical facts strongly corroborated the plaintiff's version. In any event, the case was properly submitted to the jury.

In overruling the defendant's motion to strike the evidence of the plaintiff the trial court in substance stated that the case was one peculiarly for a jury to decide; that the testimony of the plaintiff was that he was driving on his side of the road while the defendant was driving in the center of the road; that if the plaintiff's testimony were true, he had a right to assume that the defendant would go to his own side of the road and get away from

the danger which he himself had created and that the plaintiff had the right to continue in this assumption until the fact became manifest that the defendant was not going to get over on his side of the road.

The conclusions of the trial court were correct for section 2154 (112) of the 1932 Supplement of the Code provides in part that "upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway," * * * and section 2154 (115) of the same Code provides that "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other, as nearly as possible, one-half of the main traveled portion of the roadway." In construing these sections prior to the 1932 amendment, in a case where the facts were similar in many respects, this court held in *Whipple* v. *Booth,* 155 Va. 413, 154 S. E. 545, 546, that:

■ "The driver of an automobile along a public highway, who sees another automobile approaching on the wrong side of the road has the right to assume that the driver of such automobile will observe the law and seasonably move over to his right side so as to pass safely. Vartanian, The Law of Automobiles, section 69. The plaintiff here had the right, under the circumstances, to presume that the defendant would move over to his side of the street, until she saw that he was not going to turn to his right side. Then it became her duty to exercise ordinary care to avoid the collision, and in the performance of this duty she turned still further to her right and partially off the street to avoid him."

■ According to the plaintiff, in the instant case, he turned his car still further to his right and into the ditch on his side in order to avoid the defendant.

Under such circumstances it is obvious that a jury question was presented, and under well settled principles the verdict has concluded adversely to the defendant the issues of the actionable negligence of the defendant and the contributory negligence of the plaintiff. This being true

it follows that the verdict and judgment must stand unless there was some prejudicial error of law committed by the trial court.

Both parties are asserting that prejudicial error was committed. The defendant by cross-assignment of error, claimed that the verdict was unsupported by the evidence. We have already disposed of that assignment. He also contends that the instructions were improper; especially instruction 4. On the other hand the plaintiff by his assignment contends that the judgment should be reversed and the case remanded on the question of the amount of the damages alone for the reason that the court improperly admitted evidence that the plaintiff had received the proceeds of an accident insurance policy by reason of his injuries.

Of the defendant's cross-assignments, we deem it necessary to discuss only the one relating to instruction 4. The others may be passed without comment, for there is no merit in them.

Instruction 4, reads as follows: "The jury are instructed that if they believe from the evidence, that the plaintiff, Johnson, operated his automobile at a reasonable rate of speed, and in approaching the defendant's car drove upon the right half of the highway, then he was not guilty of any negligence which caused or contributed to the collision."

The instruction standing alone, as a general proposition, might be erroneous, but when applied to the peculiar facts of this case and considered along with all of the other instructions, we do not think the court committed reversible error in granting it. There was no other traffic on the road. The view was clear and unobstructed and as the cars approached the plaintiff drove still further to his side so that at the time of the collision he had driven off the hard surface, which was twenty-two feet wide, over on the shoulder and partially into the ditch on his side of the road. Under this evidence, which was credible and which the jury were justified in believing and evi-

dently did believe, if the instruction were erroneous it did not constitute reversible error.

The remaining point to be decided is the right of the plaintiff to a new trial on the question of damages alone on account of the admission of evidence regarding the sums paid him for his injuries under an accident policy. The plaintiff, upon cross-examination, was required, over the objection of his counsel, to state that he had "received from the Pacific Mutual Insurance Company from an accident policy which I was carrying, for which I was paying a consideration, the amount of $650.00." The question we must decide is whether or not, evidence of this character is admissible in the trial of a case where the plaintiff has been injured by the negligence of another and the insurance has been wholly paid for by the plaintiff and he has received, by reason of such injuries, some compensation under the policy for his injuries.

The law seems quite well settled that damages, recoverable for personal injuries inflicted through the negligence of another are not to be reduced by reason of the fact that the injured party had been partly compensated for his loss by insurance which he has procured and for which he has paid. The reason for this rule is that the defendant, who by his negligence, has injured another, owes to such other compensation for the injuries he has inflicted and the payment for those injuries from a collateral source cannot relieve the defendant of his obligation.

The principle was applied in the early case of *Regan* v. *New York & New England R. Co.*, 60 Conn. 124, 22 Atl. 503, 505, 25 Am. St. Rep. 306, where the court quoted from 1 Sutherland on Damages, 242, as follows:

"There can be no abatement of damages on the principle of partial compensation received for the injury where it comes from a collateral source wholly independent of the defendant, and is as to him *res inter alios acta*. A man who was working for a salary was injured on a railroad by the negligence of the carrier; the fact that the em-

ployer did not stop the salary of the injured party during the time he was disabled was held not available to the defendant, sued for such injury, in mitigation. Nor will proof of money paid to the injured party by an insurer or other third person, by reason of the loss or injury, be admissible to reduce damages in favor of the party by whose fault such injury was done. The payment of such moneys not being procured by the defendant, and they not having been either paid or received to satisfy in whole or in part his liability, he can derive no advantage therefrom in mitigation of damages for which he is liable. As has been said by another, to permit a reduction of damages on such agreement would be to allow the wrongdoer to pay nothing, and take all the benefit of a policy of insurance without paying the premium."

The general rule is supported by many cases from many jurisdictions. See *B. & O. R. Co.* v. *Wightman's Adm'r,* 29 Gratt. (70 Va.) 431, 26 Am. Rep. 384; *Evans* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 133 Minn. 293, 158 N. W. 335; *Pittsburgh, C. & St. Louis R. Co.* v. *Thompson,* 56 Ill. 138; *Harding* v. *Town of Townsend,* 43 Vt. 536, 5 Am. Rep. 304; *Cunnien* v. *Superior Iron Works Co. et al.,* 175 Wis. 172, 184 N. W. 767, 18 A. L. R. 667; 17 C. J. 929; 8 R. C. L. p. 557; *Roth* v. *Chatlos,* 97 Conn. 282, 116 Atl. 332, 22 A. L. R. 1554 and note at p. 1558, and note in 18 A. L. R. 683.

Our conclusion is that the admission of the evidence showing that the plaintiff, in the instant case, was paid $650.00 from an insurance policy on account of his injuries was erroneous and that in the nature of things it was prejudicial to his rights and most likely influenced the jury in finding their verdict. Nor do we think that the error was cured by the instructions.

But the defendant says that the plaintiff failed to properly save his exception to the ruling of the court in admitting this evidence in accordance with Rule 22 of this court. With this we cannot agree. The ground of the objection and exception which were timely interposed, was perfectly apparent from the form and subject matter

of the question. Counsel and the court were fully aware of its significance, for when the plaintiff made proper objection to the evidence and excepted to the ruling, the court from its own observation, noted the purpose of the evidence. Thus the purpose of Rule 22 was fulfilled. The very objection which is urged here was urged in the trial court. In speaking of the rule in *Davis* v. *Com.*, 161 Va. 1037, 171 S. E. 598, 599, this court said: "There need be no effort to make the obvious more so." See, also, *Sawyer* v. *Blankenship,* 160 Va. 651, 169 S. E. 551.

The judgment of the trial court is reversed for the sole reason that the court admitted the evidence previously referred to regarding the insurance the plaintiff carried and the amount he received thereunder by reason of his injuries. The issues of the negligence of the defendant and the alleged contributory negligence of the plaintiff having been concluded by the verdict adversely to the defendant, he is not entitled to a new trial upon them, but, inasmuch as the prejudicial error in admitting the improper evidence regarding the insurance in all probability influenced the jury in fixing the amount to be awarded the plaintiff, this court, in the exercise of its discretion under Code, section 6365, will remand the case for a new trial, but the new trial shall be limited to the sole question of the proper amount of damages to be awarded the plaintiff. *Baker* v. *Carrington,* 138 Va. 22, 120 S. E. 856; *C. D. Kenny Co.* v. *Solomon,* 158 Va. 25, 163 S. E. 97.

*Reversed and remanded.*

EPES, J., dissenting in part.

My judgment is that, when *all* the evidence is considered, the court committed reversible error in giving the instruction which is the subject of assignment of error No. 4, and that the case should be remanded for a new trial on all issues.