## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Robin E. Comley

v.

Anthony R. Shepard

February 10, 1997

Case No. CL95-487

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this pretrial motion is whether the defendant in a personal injury case is entitled to discover the amount of a plaintiff's medical bill that may have been forgiven or "written off" by the health care provider.

### Background

This personal injury case is scheduled for trial on February 20, 1997, with a jury.

During discovery, the defendant made various inquiries about the medical expenses the plaintiff intended to claim as damages at trial. One of the inquiries required the plaintiff to provide a breakdown of her medical bills so that the defendant could ascertain what portions of those bills may have been forgiven, remitted, or written off by the health care providers. The plaintiff objected to the inquiry, asserting that such a breakdown is irrelevant and is not reasonably calculated to lead to admissible evidence.

The court held a hearing on the defendant's motion to compel on January 30, 1997. Because of the rapidly approaching trial date, the court directed that the plaintiff respond to the discovery request on the condition that the court would render an opinion prior to trial on the underlying issue, specifically, whether the plaintiff has a right to claim the entire amount of her medical bills even though a portion of them have been written off by her health care providers.

This opinion addresses that issue.

*Decision*

A plaintiff may recover as compensatory damages any pecuniary expenses necessarily incurred as the result of the injury inflicted by the defendant. Such damages are referred to as "special damages" or "specials." In personal injury cases, these expenses include necessary and reasonable medical expenses incurred by reason of the injury. Friend, *Personal Injury Law in Virginia,* § 13.3.2 (1990).

The fact that the plaintiff has not actually paid the charges is not essential to a recovery *as long as the plaintiff is liable for the amount. Sykes v. Brown,* 156 Va. 881 (1931).

It is well settled that damages recoverable for personal injury inflicted through the negligence of another are not reduced by reason of the fact that the injured party has been compensated or partially compensated by insurance that he has procured and for which he has paid. Virginia recognizes this "collateral source rule" in tort cases. *Johnson v. Kellam,* 162 Va. 757 (1934). The rule ordinarily prohibits inquiry as to whether the plaintiff has received payments from collateral sources. See 5C M.J., *Damages,* § 49, § 91; see also 22 Am. Jur. 2d, *Damages,* § 566.

It is common knowledge that in recent years commercial medical insurance carriers, HMOs, PPOs, and other health care plans have entered into arrangements with health care providers that prohibit those providers from charging the patient more than the amount paid under the health care plan. For example, if a physician bills $1,200.00 for a particular procedure and sends a claim to the patient's insurer or other health care payor and the payor determines that compensation for that procedure should be $1,000.00 and pays $1,000.00 to the physician on behalf of the plan beneficiary, the physician cannot hold the patient liable for the $200.00 balance. Instead, it is "written off." Of course, this is not always the case because the health care provider may not be a participant in the plan or a party to the reimbursement arrangement. In any event, when this procedure is implemented and the patient later sues the person who inflicted the injury, the question may arise whether the forgiven or "written off" portion of the original bill can be claimed by the plaintiff as damages in the personal injury action.

The court is of the opinion that under such circumstances, the forgiven or "written off" portion of the medical bill cannot be introduced as evidence of damages at trial. The collateral source rule is not implicated. According to *Sykes, supra,* an injured tort victim is entitled to recover the medical charges associated with the injuries as long as they have been paid *or* the plaintiff is liable for the amount.

The Supreme Court of Virginia has not addressed this issue. In some jurisdictions, medical services rendered gratuitously to an injured party will not preclude the injured party from recovering the value of those services. However, in those jurisdictions that allow recovery only for medical expenses actually paid or obligations incurred, there can be no recovery unless there has been an actual expenditure (by the injured party or a collateral source) or a liability incurred. See 22 Am. Jur. 2d, *Damages*, §§ 571 and 572. The language in *Sykes* clearly indicates that Virginia falls within the latter category. Consequently, by analogy, it would follow that the portion of a medical bill "written off" by a provider is not recoverable because that amount has not been paid nor has any liability for its payment been incurred.

Therefore, a defendant in a personal injury case is entitled to discover, by proper process, the "written off" amount of the plaintiff's medical bills.

### *Caveat*

Whether and in what amount a portion of a medical bill has been forgiven by the plaintiff's health care provider is not an inquiry that ordinarily can be raised for the first time at trial. For obvious reasons, the matter cannot be explored in the presence of the jury. To halt the trial and conduct an elaborate *in camera* proceeding on the question would unduly impede the judicial process by causing delay that could have been avoided easily by the proper and diligent use of pretrial discovery and motions *in limine*.

Further, medical bills offered as evidence in a personal injury action are presumed to be authentic and reasonable under most circumstances. Virginia Code § 8.01-413.01. Thus, the burden is on the defendant to establish that a bill that has been furnished to the defendant at least twenty-one days prior to trial is not a legitimate expense, or that a portion of it is not, on the ground that it has not been paid and no one is liable for its payment. The matter should be resolved in the manner followed by counsel in this case.