# CIRCUIT COURT OF THE CITY OF NORFOLK

Beulah Smith

v.

Ben Paul Jernigan et al.

June 9, 1997

Case No. (Law) L-96-1998

BY JUDGE EVERETT A. MARTIN, JR.

The defendant has filed a motion *in limine* to prohibit the plaintiff from introducing into evidence those portions of the plaintiff's medical bills which exceed the amount Medicare approved for payment. It is agreed that under federal law, the excess of the medical bills over the amount approved by Medicare must be "written off," that is, the doctor or hospital may not recover such excess from the plaintiff. Counsel have provided me with decisions of Virginia circuit courts that differ on the issue.

In *Sykes v. Brown,* 156 Va. 881, 159 S.E. 202 (1931), the defendant requested an instruction that the jury could not consider any of the plaintiff's medical expenses because they had not actually been paid. The court refused the instruction, and the Supreme Court agreed that the instruction was improper. In so ruling, the Supreme Court stated: "Payment of the expense of treatment is not essential to a recovery. If plaintiff is liable for the debt incurred, that is all that is necessary." 156 Va. at 887, 159 S.E. at 204.

In *Johnson v. Kellam,* 162 Va. 757, 175 S.E. 634 (1934), the Supreme Court ruled that the defendant could not cross-examine the plaintiff about any amounts he had received in payment for his injuries under an accident insurance policy he, the plaintiff, had purchased. The Supreme Court held such evidence was inadmissible under the collateral source rule.

There can be no abatement of damages on the principle of partial compensation received for the injury where it comes from a collateral source wholly independent of the defendant and is as to him a *res inter alios acta*. ... As has been said by another, to permit a reduction of damages on such agreement [i.e., insurance not procured by the defendant] would be to allow the wrongdoer to pay nothing and take all the benefit of a policy of insurance without paying the premium. 162 Va. at 764-5, 175 S.E. at 636-7.

In *Schickling v. Aspinall*, 235 Va. 472, 369 S.E.2d 172 (1988), the Supreme Court discussed two competing principles of tort law the collateral source rule was designed to balance. It stated "Because the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer." 235 Va. at 475, 369 S.E.2d at 174.

I conclude that the portion of the plaintiff's medical expenses that are "written off" are nonetheless "incurred." Had the plaintiff not purchased medical insurance, here Medicare purchased through mandatory FICA withholding taxes, she would be liable to the doctor and the hospital for such expenses, assuming the charges were reasonable. The plaintiff avoids personal liability for these charges by the Medicare insurance she has purchased. As the Supreme Court stated in *Johnson v. Kellam, supra*, the defendant should not be allowed to benefit by the plaintiff's purchase of insurance.

In the past, the patient's liability (except for co-payments and deductibles) was usually extinguished by the insurer's full payment of the covered medical expenses. Recently, however, medical insurance has changed, and many insurers are only paying specified amounts for certain procedures. The doctors and hospitals who agree to take payment from these insurers have agreed as a condition of receiving payment from them that they will not seek payment of the excess from the patient. In either circumstance, the purchaser of the medical insurance policy has received the benefit of his bargain, that is, his exoneration from liability for medical expenses (except co-payments and deductibles). It is not a bargain for which the defendant paid any consideration or from which he ought, under the collateral source rule, to derive any benefit.

The motion *in limine* will be overruled.