# CIRCUIT COURT OF THE CITY OF RICHMOND

Jesse M. Earley, Jr.

v.

Craig Floyd Weis

July 9, 1997

Case No. ML-4225

BY JUDGE JAMES B. WILKINSON

This cause of action stems from an automobile accident in which the plaintiff was injured. The parties are before the court on the defendant's motion in limine to exclude medical bills which were waived by the Medical College of Virginia (MCV) and thereby prevent the plaintiff from claiming them as special damages at trial.

The plaintiff is insured by Trigon Blue Cross/Blue Shield. His policy requires a pre-admission review, whereby the hospital must contact Trigon and receive approval before admitting him as a patient. MCV failed to follow this procedure, so Trigon refused to cover the hospital bill of $13,106.87. MCV waived this bill completely.

Furthermore, a bill was submitted to Trigon for treatment rendered by MCV Associated Physicians in the amount of $3,596.00. Upon review of the bill and comparison to a governmental study relating to the cost of the procedure performed, Trigon agreed to pay $1,858.50. MCV Associated Physicians waived the outstanding $1,634.50.

The plaintiff seeks to include the waived amounts, a total of $14,741.37, in his special damages. The defendant moved the court to exclude these bills, which motion the court took under advisement.

## Issue

Whether the plaintiff may claim bills which were waived by the medical providers as special damages.

## Discussion

An injured party may recover damages for which he has been compensated by way of an insurance policy he has maintained. This rule, known as the collateral source rule, is long established in Virginia and serves to fully compensate a plaintiff for damages incurred by the defendant's negligence, as well as insuring that a defendant is held accountable for all the damage his wrong effects. *See, Johnson v. Kellam*, 162 Va. 757, 764, 175 S.E. 634 (1934); *Schickling v. Aspinall*, 235 Va. 472, 474-75, 369 S.E.2d 172 (1988). However, in order to claim a bill as an expense incurred from the defendant's negligence, the plaintiff must actually be held liable for that debt. *Sykes v. Brown*, 156 Va. 881, 159 S.E. 202 (1931).

In the case at bar, the plaintiff was not responsible for the $14,741.37 in question. That amount was completely waived by MCV. The court is not persuaded by the plaintiff's argument that the bills were waived only because his insurance carrier reached an agreement with MCV, and, because he paid his insurance premium regularly for a number of years, he is entitled to recover the waived amount. Regardless of why the bills were waived, the result is that the plaintiff is in no way responsible for those fees.

While there is no Supreme Court authority on this issue to guide the court, it seems that the collateral source rule is inapplicable here. The court is persuaded by other circuit court rulings on this very issue, namely, the holding of Justice Charles Russell in *Christopher Unger v. William Whitehead*, Chesterfield County Circuit Court (October 8, 1996). Justice Russell was faced with the exact issue now before this court, and he granted the defendant's motion in limine to exclude the bills that had been waived. He noted that:

> the spirit of the collateral source rule is properly observed in this case by granting this motion in limine. [It] was not designed to enrich plaintiffs. It was designed to give them the benefit of their prudence in having previously contracted for insurance coverage. This ruling gives them the full benefit of that prudence. But it does not enrich them. When all is said and done, the plaintiff is simply not confronted with a charge in the amount that was written off.

(Excerpted transcript of proceedings on October 8, 1996, pp. 7-8.)

Insofar as the plaintiff is not liable for the bills in question, it is as though they never existed. The function of the collateral source rule is to ensure that the defendant is held responsible for the totality of the plaintiff's damages and to protect the plaintiff from any financial harm resulting from the defendant's negligence. To hold the defendant responsible for fees that were completely forgiven by the medical providers is akin to making him liable for the most expensive medical care available, rather than the cost of the specific treatment provided to the plaintiff he injured. The court is not willing to expand the collateral source rule so broadly. The defendant's motion in limine to exclude evidence of the waived bills is sustained.

### Conclusion

Because the collateral source rule does not apply in this instance, the court sustains the defendant's motion in limine. Evidence of medical fees waived by MCV and MCV Associated Physicians is hereby excluded from introduction at trial.

### Order

On July 7, 1997, came the plaintiff in person and by counsel, and the defendant by counsel, and this case came on to be heard upon the defendant's Motion in Limine, upon the evidence heard *ore tenus*, and was argued by counsel for all parties. Whereupon, the Court having taken the matter under advisement and now having fully considered the evidence and argument of counsel, and for the reasons in this Court's Memorandum Opinion dated this 9th day of July 1997, it is ordered that the defendant's Motion in Limine is hereby granted.