# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kane L. Geyer

v.

James P. Durkee

November 3, 1997

Case No. (Law) 97-61

BY JUDGE JAY T. SWETT

I. *Plaintiff's Motion in Limine Regarding Alcohol Consumption on the Part of Kane L. Geyer and James P. Durkee*

The plaintiff has moved that evidence of alcohol consumption by the plaintiff, Kane L. Geyer, and the defendant, James P. Durkee, be excluded from the trial based on relevancy. More specifically, the plaintiff does not intend to introduce evidence of the defendant's alcohol consumption as evidence of negligent operation of his vehicle. The plaintiff also argues that any evidence of alcohol consumption on his part is not relevant to either contributory negligence or assumption of risk. Mr. Murray contends that there will be no other evidence at trial that the defendant exhibited any effect from alcohol consumption that would justify a suggestion that the plaintiff was either contributorily negligent or assumed the risk by riding in the defendant's vehicle.

As I indicated at the hearing, I will grant the motion to the extent that alcohol consumption should not be mentioned during opening statements. The burden will be on the proponent of the evidence of alcohol consumption on the part of any party to establish its relevance and materiality on the issues of contributory negligence or assumption of the risk prior to the evidence being submitted to the jury.

## II. *Plaintiff's Motion in Limine Regarding Alcohol Consumption by the Plaintiff on February 3, 1996*

In the May 18, 1995, accident, the plaintiff fractured his arm. On February 3, 1996, the plaintiff fell experiencing an increase of pain in the arm. When he saw his physician, Dr. Wilford K. Gibson, Dr. Gibson diagnosed his condition as pseudoarthrosis, a term used to describe a condition of non-union of the bone at the fracture site. Apparently, the plaintiff was drinking at the time he fell on February 3rd. The plaintiff seeks to exclude any evidence that the defendant was drinking at the time he fell arguing that such evidence is not relevant to any issue in the case.

The transcript of the expected trial testimony of Dr. Gibson was provided for me to review. Dr. Gibson's opinion is that the pseudoarthrosis found on February 5, 1996, had taken months to develop and that surgery for the non-union of the bone would probably have been required even had the fall not occurred.

Based on this testimony, the Court agrees with the plaintiff that evidence of the plaintiff's consumption of alcohol related to the February 3, 1996, fall is not relevant to any issue in the case, and the plaintiff's Motion in Limine on this issue is granted.

## III. *Defendant's Motion in Limine to Exclude Portions of the Plaintiff's Medical Bills*

The defendant seeks to exclude any portion of the plaintiff's medical bills which have been "written off" or adjusted based upon any agreement between the plaintiff's health care provider and a third party insurer. Copies of two bills presented during the hearing indicate a credit may have been made on the plaintiff's statement of account where the credit was in favor of an insurer.

Having reviewed the cases submitted by counsel, the Court agrees with the legal position of the defendant. Adjustments to medical bills based upon arrangements or agreements between a health care provider and a third party insurer result in a person not incurring the amount that has been written off or adjusted. In personal injury actions, plaintiffs are entitled to recover for medical expenses that are incurred as a result of the negligence of the defendant. *Walters v. Littleton*, 223 Va. 446 (1982). A medical expense is incurred when one has paid the amount or is legally obligated to pay it. *Virginia Farm Bureau v. Hodges*, 238 Va. 692 (1989); *Sykes v. Brown*, 156 Va. 881 (1931).

The collateral source rule does not dictate a different result. The collateral source rule precludes a tortfeasor from relying on collateral sources of payments paid to or received by an injured plaintiff as an offset or reduction to medical bills incurred by the plaintiff as a result of the negligence of the tortfeasor. *Owens v. Dixon and Savage*, 162 Va. 601 (1934). Here, the plaintiff has not received collateral compensation for medical bills incurred as a result of the defendant's negligence. Accordingly, the plaintiff should not be able to recover for adjustments or write-offs for medical services received. The recovery shall be limited to the amount that was incurred or paid by the plaintiff or the plaintiff's third party insurer.

The plaintiff argues that this matter is not properly before the Court because of the manner in which the documents were submitted during the hearing on the Motion in Limine. It was the understanding of the Court at the time that the documents were presented to the Court based on an agreed proffer of what the evidence would be. If there is a dispute as to the evidence, then the matter will be deferred until evidence is offered by the parties.

## IV. *Defendant's Motion in Limine Regarding Emotional Distress*

In addition to seeking recovery for damages for personal injuries he received as a result of the accident, the plaintiff also seeks to recover for mental anguish and emotional distress experienced as a result of his witnessing the injuries received by another passenger in the vehicle and who died as a result of the injuries. The defendant moves to exclude such evidence of mental anguish and emotional distress on the ground that there is no evidence of any accompanying physical injury.

The parties seem to agree that the defendant's Motion in Limine is controlled by the case of *Hughes v. Moore*, 214 Va. 27 (1973). In *Hughes, supra*, the Court permitted a recovery for emotional disturbance and physical injury which resulted from the emotional disturbance, notwithstanding the lack of any physical impact. The Court did require that the injured party prove that the physical injury was the natural result of fright or shock caused by the defendant's negligence. 214 Va. at 34. The rule in *Hughes* was affirmed in *Myseros v. Sissler*, 239 Va. 8 (1990).

The facts in this case are different from the facts in *Hughes v. Moore* or *Myseros v. Sissler*. Here, there will be evidence that the plaintiff suffered a physical injury in the accident. In paragraph 3 of his Motion for Judgment, the plaintiff seeks to recover damages for those personal injuries, including mental anguish, he contends he suffered as a result of that physical injury. Neither plaintiff in *Hughes* or *Myseros* suffered any physical injury as a direct

result of any physical contact. Both plaintiffs argued that the physical injuries they received were caused by the mental anguish and emotional distress resulting from the defendant's negligence. Thus, to recover under *Hughes*, the plaintiff must prove that the physical injuries were "the natural result of fright or shock proximately caused by the defendant's negligence." 214 Va. at 34.

In paragraph 5 of the Motion for Judgment, the plaintiff seeks to recover for mental anguish and emotional distress as a result of witnessing the injuries suffered by a passenger. He does not claim any physical injury that was proximately caused by the mental anguish or emotional distress he incurred as a result of witnessing the injuries to the passenger. It is the presence of emotional distress or shock or fright that then results in or causes a physical injury that is at the heart of a claim under *Hughes v. Moore*.

Although the plaintiff may have received physical injuries in the accident, those injuries, based on the pleadings, are the result of trauma received in the accident. Absent any proof of physical injuries relating to mental anguish or emotional distress and caused by shock or fright incurred as a result of witnessing the injuries to a passenger, then such a claim for emotional distress does not come within *Hughes v. Moore*.

Accordingly, the defendant's Motion in Limine is granted such that the plaintiff will not be able to seek recovery for mental anguish and emotional distress which he attributes was caused by witnessing injury to another passenger in the vehicle involved in the accident.