## CIRCUIT COURT OF THE CITY OF ROANOKE

Lois S. Hill

    v.

Katherine Brake Tuttle

April 2, 1998

Case No. CL97-734

BY JUDGE ROBERT P. DOHERTY, JR.

In this personal injury case, Defendant makes a motion to compel the Plaintiff to respond to an interrogatory requesting "[t]he amount of each (medical) charge which has been 'written off,' forgiven, or remitted by the health care provider for which the Plaintiff is not liable." Plaintiff resists, claiming that the collateral source rule prohibits the Defendant from taking advantage of the benefits accruing to her as a result of her foresight of having purchased health insurance. Both sides have presented memoranda and Virginia Circuit Court decisions supporting their respective positions. Each also contends that no Virginia Supreme Court cases exist on this point. The Court finds that such cases do exist and rules in favor of the Plaintiff.

The collateral source rule holds that a tortfeasor cannot reduce his liability to the injured party by use of the benefits received by the injured party from an outside source. This rule has its Virginia genesis in the case of *Baltimore & Ohio R.R. Co. v. Wrightman's Adm'r*, 70 Va. (29 Gratt.) 431 (1877). There the Court found that:

> The mere fact that the family of the deceased received money from some other source would not justly influence the measure of compensation to be made by the Defendant for injuries attributable to the conduct of its employees and agents.

In explanation of this ruling, the Court said that:

The party effecting the insurance paid full value for it, and there is no equity in the claim of the Defendant to the benefit of a contract which it gave no consideration.

This holding is not just a string of fact specific legal words, and neither does it contain a black letter rule that must be followed by rote. Instead, it is the embodiment of a concept.

The same concept has been restated by the Virginia Supreme Court in a multitude of cases since 1877, frequently using slightly different language, but each time keeping alive the same basic fairness and common sense reasoning. A review of the Virginia appellate cases on the collateral source rule demonstrates that nothing has changed but the words. Even updated, the concept remains the same. The case of *Owen v. Dixon*, 162 Va. 601 (1934), in speaking to this doctrine, says "if the Defendant is liable in damages, the extent of his liability is not to be measured by deducting financial benefits received by the Plaintiff from collateral sources." The most recent case on the collateral source rule is *Schickling v. Aspinall*, 235 Va. 472 (1988), wherein the Court, restating the concept in more modern language, said that "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes."

Is it possible to read and savor the language of these cases and not come to the inescapable conclusion that any benefit bought and paid for by the injured party will not be used to reduce the damages owed by the tortfeasor? The answer is clearly, no. Common sense and stare decisis compel this result.

Under the facts of our case, Plaintiff claims to have been injured by the wrongful action of the Defendant. She underwent medical treatment for her injuries and became indebted to her health care provider for the cost of that treatment. Her liability for these medical bills was incurred when the services were rendered. Rather than pay the bills directly, she applied to her health insurance carrier to comply with its agreement that it would insure her against such losses. This was a contractual benefit collateral to the tortfeasor, for which she had previously paid. Her insurance carrier, by negotiation with the health care provider, arranged for payment of a portion of her bill and arranged that a portion of it would be written off. Her liability for the medical bills had thus been reduced by the actions of her paid agent, the insurance carrier. It was reduced because she bought and paid for the commercial muscle and financial resources of her insurance company.

The collateral source rule prohibits any such benefit being given to the tortfeasor. The written off, forgiven, or remitted portions of the Plaintiff's medical bills are benefits purchased by the Plaintiff, the same as are actual cash payments received from the insurance carrier. These reductions or write-offs constitute "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor ... ." *Schickling v. Aspinall, Id.* If these benefits are to be viewed as a windfall to the Plaintiff, then "[b]ecause the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer." *Schickling, supra* at 475. For a concurring opinion, see *Smith v. Jernigan,* 42 Va. Cir. 395 (1997).

Defendant's motion to compel answers to interrogatories is denied. The information requested is not relevant nor will it lead to the discovery of relevant evidence. *See* Rule 4:1(b)(1). Plaintiff may present evidence at trial of the full amount of her reasonable medical bills, without any reduction resulting from the application of her health insurance benefits.