# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Nicole L. Leathers

v.

Gerrie Lynn Craft

Case No. 98-56

Chrystal Lee Leathers

v.

Gerrie Lynn Craft

Case No. 98-57

November 24, 1998

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury action, the Defendants have filed a motion to compel, through which they seek to obtain information regarding the amount of Plaintiffs' medical expenses that have been "written-off." Plaintiffs have responded by making an *in limine* motion to preclude discovery and to exclude any evidence of the extent of any write-off. After reviewing the respective briefs of the parties and surveying the landscape of conflicting Virginia authorities, the Court concludes that Defendants' motion to compel should be granted and that Plaintiffs' *in limine* motion should be denied.

*Question Presented*

Is a Plaintiff entitled to recover damages for medical expenses that were written off by the hospital and for which she is not responsible?

*Discussion of Authorities*

Although there is considerable tension among the Virginia Circuit Courts concerning this issue, the Court places great weight on the fact that Judge Swett, previously of this Court, and Judge Peatross of the Albemarle County Circuit Court have both ruled that Plaintiffs may not recover damages for written-off medical expenses. *See Geyer v. Durkee,* 43 Va. Cir. 503 (1997); *Hodges v. Perry* (letter opinion Nov. 10, 1997). Both opinions are well reasoned and persuasive.

In considering the collateral source rule, the Supreme Court has observed, "The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong." *Schickling v. Aspinall,* 235 Va. 472, 474-75 (1988). Both of these principles are served by not allowing the plaintiff to recover damages for written-off medical expenses. The plaintiff will still be entitled to receive damages for all the medical expenses for which he could be responsible, and the defendant remains liable for these damages. Neither side reaps a windfall because no one incurs the written-off costs. "An expense can only be 'incurred,' however, when one has paid it or become legally obligated to pay it." *Virginia Farm Bureau Mut. Ins. Co. v. Hodges,* 238 Va. 692, 696 (1989).

The Court has reviewed the cases submitted by Plaintiffs' counsel but sees no need to retreat from the positions adopted by Judge Swett and Judge Peatross. The Court adopts their reasoning as its own in concluding that the Plaintiffs may not recover damages for written-off medical expenses.

*Conclusion*

For the above-stated reasons, the Court grants the Defendants' motion to compel and denies the Plaintiffs' motion *in limine.*