# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Janice T. Gozar

v.

Anthony L. Mouton

March 26, 1999

Case No. (Law) CL97-2763

BY JUDGE THOMAS S. SHADRICK

This matter comes before the Court on defendant's Motion in Limine. In this personal injury action, the defendant seeks to preclude the plaintiff from presenting any evidence relating to portions of medical bills which were "written off" by the provider pursuant to an agreement with plaintiff's health insurance company. For the reasons set forth below, the Court finds that this motion must be denied.

The issues raised by this motion have become more commonplace as most plaintiffs are now covered by health maintenance organizations ("HMOs"), which contract with health care providers to provide payment for services at a reduced fee. The fee is specified by the HMO and considered by it to be "reasonable." Providers thus "write off" portions of their fees in return for guaranteed payment. The court is mindful that over time, the vast majority of Virginia circuit courts have ruled against plaintiffs and held that evidence of written off payments should be excluded but that the current trend is to permit the admission of such evidence. Paul Fletcher, "Plaintiffs Score on 'Write-offs'," *Virginia Lawyers Weekly*, March 22, 1999, at A-1. However, the motion currently before this court cannot be decided based upon a scorecard of who has ruled how. Instead, given the absence of specific guidance from the Supreme Court, this court must determine for itself how this issue should be resolved.

The issue of the recoverability of medical expenses that have been written-off by the health care provider pursuant to an agreement with the plaintiff's insurer creates a possible conflict between the theories underlying what damages are recoverable and the policies underlying the collateral source rule. The initial question raised by this situation is whether an expense for which no one will ever be liable can "count" as damages in the first place.

The applicable model jury instruction states that the plaintiff is entitled to recover as damages "any medical expenses *incurred* in the past" (emphasis added). See 1 *Va. Model Jury Instructions* — Civil No. 9.000 (1998 Repl. Vol.). The Virginia Supreme Court, in the context of interpreting insurance policies, has ruled that the term "incurred" unambiguously refers to expenses which either have been paid or which the plaintiff is legally obligated to pay. *See, Virginia Farm Bureau Mut. Ins. Co. v. Hodges,* 238 Va. 692, 695 (1989) (need for future treatment does not count as a covered "incurred" medical expense); *State Farm Mut. Auto. Ins. Co. v. Bowers,* 255 Va. 581, 586 (1998). *Bowers* is factually very similar to the instant matter, since it involved the issue of whether or not written-off medical expenses were included in an automobile insurance policy provision covering "all reasonable expenses incurred ... for necessary medical ... services." 255 Va. at 284. The defendant sought to offset written-off portions of his medical bills against his insurer's attempt to recover an accidental overpayment. The Supreme Court held that he could not do so, finding that the only "incurred" expenses were those amounts that the defendant was legally obligated to pay. *Id.* at 585-86. The court went on to state:

> The evidence in the instant case was that Bowers would never be liable for any amount greater than that which the various health-care providers accepted as full payment for their services based on the [insurer's] fee schedule ... . Therefore, we conclude that the medical expenses Bowers "incurred" were the amounts that the health-care providers accepted as full payment for their services rendered to him. Bowers has not paid nor is he "legally obligated to pay" the amounts written off by the providers.

*Id.*

However, *Hodges* and *Bowers* are markedly different from the instant matter in that they involve determining what the parties *agreed* they would be liable for, rather than what the law judges they *should* be liable for. For purposes of deciding what medical expense damages a personal injury

defendant should be liable for, the best guidance is provided by *Sykes v. Brown*, 156 Va. 881 (1931), which held that actual payment of medical expenses is not required in order to include them in the plaintiff's recovery. Instead, it is sufficient that the plaintiff is liable for such expenses, even if they have not been paid. *Id.* at 887. Significantly, the court also stated that if the expenses were paid for by a volunteer, they could not be included in the recovery. *Id.* Here, plaintiff's providers clearly did not volunteer to give up part of their charges but agreed to trade their maximum charges for a guaranteed payment, albeit at a lower rate. As a result, the true issue is not whether the written-off amounts cannot be considered damages but how the collateral source rule applies to these facts.

The Virginia Supreme Court has defined the scope and function of the collateral source rule numerous times, and the overwhelming theme of these cases is that the defendant should not benefit from something to which he did not contribute and which was not intended to relieve him from liability. *See, e.g., Baltimore & Ohio R.R. v. Wightman*, 70 Va. (29 Gratt.) 431 (1877) (defendant should not benefit from something for which he gave no consideration); *Johnson v. Kellam*, 162 Va. 757 (1934) (payments were not secured by defendant nor were they paid to reduce his liability). The application of the collateral source rule is not limited to the actual receipt of payment but extends to any benefit accruing to the plaintiff as the result of purchasing insurance. As stated in *Owen v. Dixon and Savage*, "the extent of [defendant's] liability is not to be measured by deducting *financial benefits* received by the plaintiff from collateral sources." 162 Va. 601, 608 (1934) (emphasis added).

*Schickling v. Aspinwall*, 235 Va. 472 (1988), contains the most detailed explanation of the purpose and function of the collateral source rule. As stated by the court, pursuant to the collateral source rule, "compensation *or indemnity* received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." *Id.* at 474 (emphasis added). The court then set forth the policy behind the rule:

> The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives a double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must

sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

*Id.* at 474-75.

The reasoning behind the collateral source rule supports its application in this instance to permit the plaintiff to seek recovery for the written-off portions of her medical bills. This incidental benefit of the plaintiff's insurance was not intended to limit the defendant's liability, and he contributed nothing towards it. Under Virginia precedent, the collateral source rule applies to the receipt of financial benefits or indemnity, not just "payments." The arrangement between the plaintiff's health insurer and her providers provides a financial benefit to the plaintiff by protecting her from bearing the full expense of her medical care. The fact that this is accomplished through the mechanism of reduced charges rather than increased insurer payments does not alter the analysis because it remains a benefit procured and paid for by the plaintiff. The defendant is not entitled to have his liability lessened in any way by the happenstance that the person he injured is covered by insurance. Finally, as between the risk of overcompensating the plaintiff or under-penalizing the defendant, the Virginia Supreme Court has clearly cast the balance in favor of the plaintiff.

Accordingly, the court finds that the Defendant's Motion in Limine must be overruled.