## CIRCUIT COURT OF HENRICO COUNTY

Betsy Marks

v.

Fannie Bowers

September 14, 1999

Case No. CL98000522

BY JUDGE CATHERINE C. HAMMOND

Plaintiff, Betsy Marks, seeks compensation for personal injuries. Defendant moves to exclude certain evidence at trial. That evidence would show the bills, invoices, or statements from, or expenses charged by, physicians, hospitals, and others (hereinafter "the medical providers") who treated plaintiff for injuries allegedly suffered in an automobile collision with defendant. The parties have stipulated that there is a variance of more than $1,000.00 between the amounts charged by the medical providers (hereinafter "charges") and the amounts paid to the same providers in full satisfaction of any claim they have or had for services provided to plaintiff. The medical providers are satisfied with the payments received, which are less than the corresponding charges, because such payments comply with applicable reimbursement contracts formed between plaintiff's insurer or health benefits plan (hereinafter "the health plan") and the medical providers.

In excellent briefs and oral arguments, the parties have presented the question whether the evidence of charges should be admitted at trial or whether plaintiff's proof of medical expenses should be limited to evidence of the lesser amounts actually paid to the medical providers pursuant to their reimbursement contracts with the health plan.

In support of her motion, defendant argues that the collateral source rule "is not implicated when a defendant seeks to exclude from evidence amounts forgiven or written off by a plaintiff's healthcare provider" because plaintiff has not incurred the expense of, and does not face liability for, the written-off

amounts. Plaintiff argues that the collateral source rule does apply and prohibits the tortfeasor from benefitting from the fact that the plaintiff purchased insurance.

In proving her damages, plaintiff can introduce evidence of bodily injuries, physical pain, lost earnings, and medical expenses. *See* Virginia Model Jury Instruction, Civil, # 9.000, and cases cited therein. Medical expenses must be proved according to established rules concerning their authenticity, reasonableness in amount, and medical necessity. *McMunn v. Tatum*, 237 Va. 558 (1989). And the General Assembly has provided an orderly method for making this evidence available to the trier of fact. Va. Code Ann. §§ 8.01-413, 8.01-413.01.

Once plaintiff proves her medical expenses, the collateral source rule prohibits defendant from telling the trier of fact that plaintiff has already received payment for those expenses from a collateral source, such as an insurer. *Johnson v. Kellam*, 162 Va. 757 (1934). The rationale is that a plaintiff's compensatory award is fully the obligation of the negligent defendant, and his obligation should not be relieved by a collateral source of payment. *Burks v. Webb*, 199 Va. 296, 304 (1957). Sometimes the rule is criticized for allowing plaintiff a double recovery, once from her own health plan and again from the tortfeasor. However, Virginia law has long recognized the admirable principle that a tortfeasor should not be able to avoid responsibility for his negligent act on account of the injured person's good judgment in obtaining insurance as protection against such risk. *Ward-Conde v. Smith*, 19 F. Supp. 2d 539, 541 (E.D. Va. 1998).

It is worth observing that in *Johnson* and similar early cases, the amount paid by a collateral source, if introduced into evidence, would appear to the jury as a suggested offset or an amount that the jury could subtract from the overall compensation owed to the injured plaintiff. The *Johnson* court erred by permitting defendant to show that plaintiff had received $650.00 from his accident insurance policy. 162 Va. at 765. Prejudice occurred because this fact would likely influence the jury to *reduce* the total compensatory award by $650.00. *Id.* Likewise in *Burks*, the Court stated the collateral source rule in this way.

> It is well settled that damages recoverable for personal injuries or death, caused by the negligence of another, cannot be *reduced* by reason of the fact that the injured party or his estate has been partly compensated for the loss by the proceeds of an insurance policy.

199 Va. at 304 (emphasis added); *see also Owen v. Dixon and Savage,* 162 Va. 601, 609 (1934).

But in recent cases, the issue has been presented in a different economic setting, where business practices usually preclude the existence of evidence that the insurer paid any collateral compensation to plaintiff for medical bills incurred as a result of the defendant's negligence. Instead of paying the plaintiff-patient, health plans now pay her medical providers directly; the plaintiff typically receives no collateral compensation. *See, e.g., Geyer v. Durkee,* 43 Va. Cir. 503 (Charlottesville 1997). It is also common, as in the case at bar, for medical providers to contract with health plans for reimbursement amounts that are not related to charges. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Bowers,* 255 Va. 581, 583 (1998); Va. Code Ann. § 38.2-2201(A)(3). Further, medical providers typically are prohibited from going back against the patient (the plaintiff in the personal injury action) to collect any difference between the providers' charges and the amounts actually paid to them by the health plan. 255 Va. at 583.[1] Thus the contemporary argument that the plaintiff has received any collateral compensation must be expressed in circumstances where the plaintiff's health plan has *not paid* the physician or hospital an amount that *is* stated in their bills. Accordingly, plaintiff argues here that the amounts *not paid* to her medical providers are nevertheless benefits of plaintiff's insurance contract and must be treated as a collateral source of payment.

For the reasons that follow, this court is persuaded that Virginia law does not permit plaintiff Marks to introduce evidence of a medical expense that she is not responsible for paying.[2] Accordingly, the value of the discounts in the reimbursement contracts between plaintiff's health plan and her medical providers (what the parties call the amounts "written off") cannot be included in plaintiff's proof of medical expenses at trial.

---

[1] The parties agreed at the motion hearing on August 14, 1999, that contracts between the health plan and plaintiff's medical providers prohibit the providers from billing the plaintiff for the difference between charges and amounts paid by the health plan. In addition to this customary contractual prohibition, the General Assembly has prohibited "balance billing," and this prohibition restrains any medical provider who is reimbursed by a managed care health insurance plan. Va. Code Ann. § 38.2-5805(C).

[2] In the instant case, the parties stipulated the necessary facts before trial on the motion in limine. Thus the ruling on the motion does not address the situation where a plaintiff might introduce evidence of charges at trial, pursuant to Va. Code Ann. § 8.01-413, before the defendant contests the amount.

Virginia's collateral source rule is not implicated in this case. Plaintiff did not receive any collateral compensation from the health plan for the variance between charges by and payments to the medical providers; and plaintiff will never be liable for amounts greater than what her medical providers were paid by the health plan. The starting point for analysis is *Sykes v. Brown*, 156 Va. 881 (1931).

In *Sykes*, plaintiff also claimed that she was injured by defendant's negligent driving. Defendant assigned error to the trial court's refusal to instruct the jury that "in assessing damages [it] cannot take into consideration any expenses incurred for hospital care, nursing, medical or surgical treatment." *Id*. at 886-87. Defendant reasoned that this instruction was proper because there was no evidence that the plaintiff paid "one cent" of any of her medical expenses. *Id*. at 887. The court ruled that it was the plaintiff's *liability* for the debt that made the evidence of medical expenses part of the jury's proper evaluation of compensatory damages. The court stated:

> Payment of the expense of treatment is not essential to recovery. If plaintiff is liable for the debt incurred, that is all that is necessary. While the record shows that a major portion of the bill has been paid, it does not show that plaintiff paid it. If it was paid by a volunteer, then plaintiff would not be entitled to recover on this item of damage.

*Id*.

From *Sykes*, we know that it is the plaintiff's *liability* to the medical providers, on a contract for services, that makes the special damages evidence probative of the plaintiff's injury and need for compensation. It follows that if the plaintiff is not liable to the physician for his services, as happens when a volunteer pays the bill, then that expense is not a proper item of plaintiff's damages. *Id*.; *see also, McAmis v. Wallace*, 980 F. Supp. 181, 186 (W.D. Va. 1997) ("For the collateral source rule to be in effect under Virginia law, the injured party must be responsible for making payment even if a collateral source actually pays.")

Consistent with the Court's analysis in *Sykes* is Virginia's law that an infant cannot recover for medical expenses because his parents, not the infant, are liable for those expenses. *Moses v. Akers*, 203 Va. 130 (1961). In *Moses*, the Court held that because the parent is primarily liable for medical services rendered, his child is prevented from asserting damages based on such expenses. *Id*. at 133. One of the few exceptions to this rule is if the minor can establish that he or she was the minor who actually paid the expenses, and thus, incurred liability. *Id*.

Similarly, in *State Farm v. Bowers*, plaintiff was injured in a collision and contested the amount he was owed under the medical payments provisions of a contract with his own automobile insurer, State Farm. 255 Va. at 583. That contract required State Farm to pay "all reasonable and necessary expenses for medical ... services ... incurred ... ." *Id.* The Court ruled that the medical expenses plaintiff "incurred" were "the amounts that the health care providers accepted [from the health plan] as full payment for their services rendered to him." *Id.* at 585-6. Because the plaintiff was not liable, and would never be liable, for the balance of the charges, the evidence of charges should not have been admitted at trial. *Id.*

The contract term in *State Farm v. Bowers* and the model jury instruction on personal injury damages are identical. Both ask what medical expenses were "incurred" by the plaintiff. Under *Bowers*, we know that "expenses incurred" means the amounts the insured would be legally obligated to pay to the medical providers. *Id.* Nevertheless, plaintiff asks this court to reason that in a personal injury case, "expenses incurred" means the amounts stated in the medical providers' charges, for which the plaintiff faces no liability.

Plaintiff attempts to distinguish *State Farm v. Bowers* because it did not involve a dispute between the injured person and a tortfeasor; it construed a contractual obligation. But this distinction is not meaningful. If, in a tort action, the *State Farm v. Bowers* definition of "incurred" is applied, under the same circumstances where medical providers issue statements of charges that have little or no relation to what they will accept in payment, there is no violation of the collateral source rule. The trier of fact is not led to reduce compensatory damages by some amount the plaintiff has already received; she has not received the amount "written off." And the negligent defendant is not relieved of any obligation to the plaintiff when he becomes a judgment debtor for the amount of whatever liability the plaintiff faces for her medical expenses.