# CIRCUIT COURT OF HENRICO COUNTY

Thelma T. Lacy

v.

Ukrop's Supermarkets, Inc.

November 24, 1999

Case No. CL98-1578

By Judge Gary A. Hicks

In this matter, a personal injury claim, Ukrop's Supermarkets, Inc., has filed a Motion in Limine seeking to have the Court enter an order preventing Thelma T. Lacy from introducing evidence of any and all medical bills which have been written off by the health care providers. Plaintiff Lacy is a recipient of Medicare coverage. As such, the excess of medical bills over the amount approved by Medicare must be written off, that is, the doctor or hospital may not recover such excess from Plaintiff Lacy.

Defendant Ukrop's, in its brief, cites *State Farm Mut. Auto. Ins. v. Bowers* to support the position that Plaintiff Lacy has not "incurred" the amounts of medical bills that have been "written off" as regards the Medicare insurance coverage. 255 Va. 581, 500 S.E.2d 212 (1998); *Virginia Farm Bureau Mut. Ins. Co. v. Hodges*, 238 Va. 692, 696, 385 S.E.2d 612, 614 (1989). The *Bowers* case, however, does not address the common law collateral source rule. Instead, *Bowers* interpreted the contractual medical payments provision of an automobile insurance policy.

The collateral source rule stands for the principal that a tortfeasor cannot reduce his or her liability to the injured party by use of the benefits received by the injured party from an outside source. *Baltimore & Ohio RR. v. Wrightman's Adm'r.*, 70 Va. (29 Gratt.) 431 (1877). If Defendant Ukrop's is liable in damages, the extent of its liability is not to be measured by deducting

financial benefits received by Plaintiff Lacy from collateral sources. *Owen v. Dixon*, 162 Va. 601, 175 S.E. 41 (1934).

Furthermore, it is the tortfeasor's responsibility to compensate for all harm he causes, not confined to the net loss that the injured party receives. Restatement (Second) of Torts, Section 920A, comment b. Any compensation or indemnity received by Plaintiff Lacy (a tort victim) from a source collateral to Defendant Ukrop's (the tortfeasor) may not be applied as a credit against the quantity of damages owed by Defendant Ukrop's (the tortfeasor). The recoveries from collateral sources do not redound to the benefit of a tortfeasor, even though a windfall or double recovery for the same damages by the injured party may result. *Schickling v. Aspinall*, 235 Va. 472, 369 S.E.2d 172 (1988).

I find that the portion of Plaintiff Lacy's medical expenses which have been written off are nonetheless incurred. *Sykes v. Brown*, 156 Va. 881, 159 S.E. 202 (1931). But for the purchase by Plaintiff Lacy of medical insurance (Medicare), she would be liable to the health care providers. It is not a bargain for which Defendant Ukrop's paid any consideration or from which it ought, under the collateral source rule, to receive any benefit. *Johnson v. Kellam*, 162 Va. 757, 175 S.E. 634 (1934); *Rayfield v. Lawrence*, 253 F.2d 209 (4th Cir. 1958). Plaintiff Lacy shall be permitted to introduce the entire amount of her medical bills. To do otherwise would defeat and implicate the collateral source rule.

Mr. Johnson, for Plaintiff Lacy, is to prepare and circulate the Order which overrules the Motion in Limine of Mr. Gallalee, for Defendant Ukrop's.