## CIRCUIT COURT OF FAIRFAX COUNTY

Vesna Trogrlic

v.

Surinder Kaur

June 13, 2000

Case No. (Law) 179628

BY JUDGE JONATHAN C. THACHER

This matter came before the court on March 3, 2000, on Plaintiff's Motion for Default Judgment and request for a jury trial to fix damages. This Court took this case under advisement to determine if a Motion for Default Judgment was proper in this action. Plaintiff Trogrlic was injured in an automobile accident by a car driven by Defendant Kaur. Defendant was uninsured, and pursuant to § 38.2-2206(F), Plaintiff's insurance company, Travelers, was served with the Motion for Judgment. Travelers filed an answer in its own name, but Defendant Kaur has not filed responsive pleadings in this case.

The issue presented is whether Plaintiff can continue to pursue a Motion for Default Judgment against defendant Kaur after Plaintiff settled with Travelers. This Court finds that Plaintiff is entitled to pursue this action, that Default Judgment is appropriate and is granted.

The collateral source rule was established early in Virginia. In *Burks v. Webb*, 199 Va. 296 (1957), the Court held that the trial court properly rejected defendant's offer of evidence to show Plaintiff had received $10,000.00 from an insurance policy for the accidental death of her decedent. "One who has by his negligence injured another owes full compensation, and this obligation is in no way relieved by the fact of payment from a collateral source." *Id.* at 297. See also *Johnson v. Kellam*, 162 Va. 757 (1934) (holding that damages, recoverable for personal injuries inflicted through the negligence of another, are not to be reduced by reason that the injured party has been partly

compensated for his loss by insurance which he has procured and for which he has paid).

More recently, in *Collins v. Blue Cross*, 213 Va. 540, 193 S.E.2d 782 (1973), the Court considered a subrogation contract between Blue Cross and their insured, the injured party. The insured procured the Blue Cross coverage through her employer by contract. Blue Cross paid the insured, which then brought an action against the tortfeasor in the City of Richmond. Blue Cross notified all counsel that they asserted a claim and lien against any payments the insured collected to the extent of their expenditures made on her behalf through the contract. The Court agreed that the effect of the subrogation provision was to impress upon any subsequent recovery by the participant an equitable lien for amounts advanced for her benefit under the contract. *Collins* at 543. As in this case, Blue Cross settled with the insured and the insured proceeded against the tortfeasor. In *Trogrlic*, the insured and Travelers entered into a settlement agreement pursuant to the contract of insurance. The satisfaction of Traveler's obligations does not preclude Plaintiff from pursuing a judgment against the defendant.

For the reasons set forth above, the Court finds that the contract of insurance bound Travelers to pay their insured; that Defendant Kaur has failed to file responsive pleadings and is in default; and that default judgment will be granted against said Defendant. Counsel for Plaintiff is directed to set a hearing on the issue of damages.